OLOF BERGGREN, PLAINTIFF IN ERROR, V. MARTIN
BERGGREN ET AL., DEFENDANTS IN ERROR.

Dismissal of Action. In the district court, where a motion is
filed to dismiss an action for want of prosecution, it is the duty
of the moving party to serve notice of such motion upon the ad-
verse party. If the action is dismissed for want of prosecution
without notice, the appellant may have the cause re-instated
upon such terms as to payment of costs as may be deemed just
and right, if the application is made in a reasonable time.

ERROR to the district court for Saunders county.    Tried
below before MARSHALL, J.

*S. H. Sornborger*, for plaintiff in error.

*J. R. Gilkerson*, for defendant in error.

MAXWELL, J.

This action was brought in the county court of Saun-
ders county, in the latter part of the year 1884.    Judg-
ment was duly entered in said court, and an appeal taken
to the district court, and the transcript duly filed.    After
some delay the plaintiff, being in default of a petition,
asked and obtained leave of court to file one by a stated
time.    He failed to file a petition, however, and the action
was afterwards dismissed for want of prosecution.    After-
wards the plaintiff's attorney sought to vacate the judg-
ment of dismissal, and in support thereof filed the follow-
ing affidavit: "S. H. Sornborger, being first duly sworn,
deposes and says that he is the attorney of Olof Berggren,
in the case pending in the district court of Saunders
county, Nebraska, wherein Olof Berggren is plaintiff, and
Martin Berggren and Eckly, Carlson & Co. are defend-
ants, and that said Olof Berggren depended wholly upon
affiant to attend to the prosecution of his said cause; that

said action is founded upon a promissory note, which promissory note is now attached to the files in this case, and has been since the trial of the case in the court below; that said cause was first tried in said county court some time before the November term, 1885, of this court, and some time during the month of July, 1885; that in said trial the plaintiff, Olof Berggren, recovered a judgment against all the defendants for the amount of said promissory note and the costs; and afterwards, within the time required by law, the defendants filed an appeal bond for an appeal to this court; that the defendants did not file the transcript of the case in the district court until some time during the last November term of this court, and that the fact of the filing of said cause in the district court was not in any manner brought to the attention of the affiant or the plaintiff, and that in consequence affiant wholly overlooked the said cause until the time ordered within which to file a petition had wholly expired.

"Affiant further says that, at the time when the order to plead was entered, at the last term, he was not present in court, and did not know of the entry of the same, and that he never knew the same until he first saw the printed docket, prepared by the clerk, for this term.

"Affiant verily believes that the plaintiff has a good and sufficient cause of action against all the defendants, and ought to be permitted to prosecute the same."

This affidavit is not denied. From an examination of the transcript it is apparent that neither plaintiff nor defendant had been strenuously insisting on a trial. The case had been permitted to remain on the docket without objection, and neither party appears to have been anxious to go to trial. Where it is sought to dismiss an action for want of prosecution, the party filing the motion must serve a notice of the same upon the adverse party. This is necessary in order to enable the party against whom the motion is filed to show some valid reason for his default. As there

is no notice served in this case, we think the court erred in refusing to re-instate the appeal. The judgment of the district court is reversed, and the cause remanded to that court with directions to re-instate the appeal upon such terms as to payment of costs as may be deemed just and proper.

JUDGMENT ACCORDINGLY.

THE other judges concur.