LYSLE I. ABBOTT ET AL., APPELLEES, V. IDA N. JOHNSTON, EXECUTRIX, ET AL., APPELLANTS.

FILED MAY 17, 1913. No. 17,181.

1. **Judgment:** VACATING: CONCURRENT REMEDIES. The provisions of section 602 of the code, enumerating grounds under which judgments may be set aside after expiration of the term at which they were rendered, are concurrent with independent equity jurisdiction.

2. **Dismissal of Action:** RELIEF IN EQUITY. The dismissal of an action for want of prosecution, on motion of defendant without notice to plaintiff, may, after expiration of the term at which the order was rendered, be set aside by a court of equity having jurisdiction of the parties and of the subject matter of the suit, where the circumstances call for equitable relief.

APPEAL from the district court for Saline county: LESLIE G. HURD, JUDGE. *Reversed.*

*A. J. Sawyer,* for appellants.

*Ray J. Abbott, contra.*

ROSE, J.

Plaintiff began a suit in 1909 to cancel a mortgage on a number of lots in Crete, on the ground that enforcement of the lien had been barred by the statute of limitations. The mortgage was given to secure a note for $2,780, dated May 17, 1888, and payable May 17, 1890. Guy L. Abbott and Elizabeth Abbott were mortgagors, and Johnston, Foss & Stevens were mortgagees. Plaintiff asserted title to the mortgaged lots through mortgagors, and undertook to sue the heirs and legal representatives of a purchaser of the mortgage. Plaintiff did not plead payment or offer to pay the debt. His action was dismissed for want of equity. In a cross-petition it was pleaded that a suit to foreclose the mortgage had been instituted March 17, 1893, and that it had been wrongfully dismissed and stricken

from the docket November 12, 1907, for want of prosecution. The equity powers of the court are invoked by cross-petitioners for the purpose of reinstating the foreclosure suit. By demurrer the cross-petition was attacked on two grounds: (1) The court has no jurisdiction over the subject matter. (2) The facts pleaded are insufficient to state a cause of action. The demurrer was sustained, and, cross-petitioners refusing to plead further, the cross-action was dismissed, and they have appealed.

1. Was the district court without jurisdiction to reinstate the dismissed foreclosure suit? The term at which the dismissal was entered had long since passed, and cross-petitioners did not seek redress under section 602 of the code, enumerating grounds under which judgments may be set aside after expiration of the term at which they were rendered. The code, however, does not provide the exclusive remedy. Its provisions are concurrent with independent equity jurisdiction. *Spence v. Miner*, 90 Neb. 108; *Hitchcock County v. Cole*, 87 Neb. 43; *Wirth v. Weigand*, 85 Neb. 115; *State v. Merchants Bank*, 81 Neb. 704; *Williams v. Miles*, 73 Neb. 193; *Sherman County v. Nichols*, 65 Neb. 250; *Meyers v. Smith*, 59 Neb. 30; *Munro v. Callahan*, 55 Neb. 75; *Radzuweit v. Watkins*, 53 Neb. 412; *MacCall v. Looney*, 4 Neb. (Unof.) 715; *Edney v. Baum*, 2 Neb. (Unof.) 173. Under the cross-petition in equity to which plaintiff appeared, the trial court, therefore, had jurisdiction. It follows that the first ground of demurrer was not well taken.

2. Do the facts pleaded by cross-petitioners state grounds for equitable relief? The pleading is long and complicated, but the following, in substance, appear among the alleged facts: The mortgage was duly executed, delivered and recorded. No action at law to recover the debt, which is due and unpaid, has been commenced. Mortgagees assigned the paper to the State Bank of Crete, November 22, 1888, and afterward the receiver of that bank sold it to John R. Johnston, who died March 12, 1908. His heirs and legal representatives are the cross-petitioners. When

Johnston became the owner of the note and mortgage, he committed them to the control of Frank H. Connor as trustee with power to collect the debt and release the lien. Connor, pursuant to his trust, began a foreclosure suit March 17, 1893. With Charles Offutt as his sole attorney, he filed therein, September 16, 1893, in his own name as trustee, and in the name of the beneficiary, an amended petition in due form praying for the foreclosure of the mortgage. A copy of that petition is inserted in the cross-petition. Mortgagors appeared in the foreclosure suit. While it was pending Offutt died. Johnston was in feeble health, and moved to California, supposing the case would receive the attention of his attorney or his trustee or of some one for them. He did not give the matter his personal attention. Under direction of his physician, he went to Europe in 1907, but returned shortly to California, where he died. The trustee also moved from Nebraska while the suit was pending. Not knowing of Offutt's death, and being absent from Nebraska, the trustee gave no attention to the prosecution of the foreclosure suit. Under the circumstances outlined, the action was pending from March 17, 1893, until November 12, 1907. On the latter date, the attorney for mortgagors, who became plaintiff in the suit to cancel the mortgage, taking advantage of the death of Offutt, and of the removal of Johnston and Connor from the state, filed a motion to dismiss the foreclosure suit and to strike the case from the docket for want of prosecution. Of this motion no notice of any kind was given, nor did any person having an interest in the security or in the prosecution have any knowledge of the motion. The order of the court was made without knowledge of the circumstances stated. It was made when there was no one present to represent the owner of the note and mortgage. Neither Johnston nor any one else interested in prosecuting the foreclosure suit had any knowledge of the dismissal until June 20, 1908, when a request was made for a release of the mortgage. Negotiations between the proper parties for such a release

promptly followed, and resulted in an agreement for an amicable adjustment, which mortgagors and their attorney repudiated. Afterward, the action to cancel the mortgage was instituted. The negotiations and the adjustment are pleaded as an excuse for the delay in asking for the reinstatement of the foreclosure suit. The foregoing facts and others are pleaded in greater detail than is necessary to this inquiry.

Is the petition demurrable? Are facts entitling cross-petitioners to relief pleaded? The circumstances under which the foreclosure suit was dismissed without notice appeal strongly to a court of equity. Upon default in payment of the debt, the proper action was promptly commenced in the usual manner. There is nothing to show that it was ever set down for trial, or that a hearing was ever postponed by the lienors. For anything appearing in the pleadings, mortgagors may have caused the delay. It is admitted by demurrer that they had not paid their debt. The record contains nothing to show that there is any valid defense to the original suit. The present owner of the incumbered lots began an action to cancel the lien without alleging that the debt had been paid or that he was willing to pay any part of it. His only ground of relief was the statute of limitations, which could be available only through the advantage obtained by the dismissal procured without notice under the circumstances already outlined. The precautions which a plaintiff ordinarily takes to protect his rights had been taken. The trustee had engaged an attorney to prosecute the suit. The trustee and the beneficiary moved away and the attorney died while the action was pending. Though it is the duty of a plaintiff to be diligent in asserting his rights and in observing what is done in the litigation, the legislature has recognized the justice of granting relief from a judgment obtained without actual notice. Provision has been made by statute for opening a judgment within five years, where, after published notice only, it was rendered against a party having no knowledge or actual notice.

Code, sec. 82. "Irregularity in obtaining a judgment" is ground for setting it aside after the term. Code, sec..602. In *Berggren v. Berggren,* 24 Neb. 764, it is said: "Where it is sought to dismiss an action for want of prosecution, the party filing the motion must serve a notice of the same upon the adverse party. This is necessary in order to enable the party against whom the motion is filed to show some valid reason for his default."

Failure to give notice is clearly an irregularity apparent on the face of the record. The order was not a dismissal entered by the court on its own motion. Mortgagors were the moving parties. According to the petition, the court was not advised of the circumstances which accounted for the delay in prosecution. When the apparent irregularity described is considered with the death of the attorney, with the absence of both the real plaintiff and his trustee, and with other facts mentioned, relief in some forum should be granted under the liberal practice permitting reinstatement of cases dismissed through laches of attorneys or misunderstanding of parties, where no consideration has passed. *Steinkamp v. Gaebel,* 1 Neb. (Unof.) 480. Should that relief be granted in this case upon proof of the facts pleaded? The alleged owner of the land brought the owners of the mortgage into a court of equity for the purpose of canceling the apparent. lien. The court of equity had jurisdiction of the subject-matter and of the parties, and should retain it for the purpose of determining the question presented by cross-petitioners. For these reasons, the cross-petition is not demurrable.

The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.

FAWCETT and HAMER, JJ., not sitting.