854

*Amos E. Henely,* for appellant.

*Benjamin S. Baker* and *D. E. O'Brien, contra.*

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ.,
and BLACKLEDGE, District Judge.

DEAN, J.

This action was begun May 17, 1928, in the district court
for Douglas county, by the American Mortgage & Finance
Company, plaintiff, against Daniel Horrigan and other de-
fendants, to foreclose a certain mechanic's lien upon prop-
erty located in Omaha. A motion was filed June 18, 1928,
by the defendant Horrigan, to require the plaintiff to make
more certain and definite the terms of the petition. There-
after, upon leave of court, an amended petition was filed
September 10, 1928, by the plaintiff. October 11, 1929,
defendant Horrigan filed a motion to strike the amended
petition from the files for the reason that the petition was
not verified. In the absence of plaintiff's attorney and with
no notice either oral or written, the court sustained the mo-
tion and, on December 2, 1930, entered an order dismissing
the action at plaintiff's costs. From the order so entered
the plaintiff has appealed.

We think the court erred in dismissing the suit, from the
fact that the action apparently had not been entered on
the dismissal docket and no notice of a hearing on the mo-
tion to dismiss was served on the plaintiff as provided by
the rules of court. Nor had the plaintiff or his attorney

been notified in any manner that any action would be taken in the premises. True, from certain affidavits in the record, it appears that the defendant called the plaintiff's attention to the fact that the amended petition had not been verified. But no notice whatever was given to the defendant of a pending hearing. In an early case we held: "The failure to sign and verify a petition is no ground for dismissing an action." *Fritz v. Barnes,* 6 Neb. 435. And, in *Berggren v. Berggren,* 24 Neb. 764, we held: "It is the duty of the moving party to serve notice of such motion upon the adverse party." The *Berggren* case is cited with approval in *Abbott v. Johnston,* 93 Neb. 726. It appears to us that it was clearly an abuse of discretion on the part of the learned trial court to dismiss the action on the ground that the amended petition had not been verified.

The judgment entered by the court is reversed, with directions that the plaintiff's petition be reinstated without prejudice.

REVERSED.