**Loren E. BARRY, Petitioner,**

v.

**Ward McTAGGART, Respondent.**

**Misc. No. 371.**

United States Court of Appeals
Eighth Circuit.

Nov. 5, 1965.

Loren E. Barry, pro se.

No response was made on behalf of appellee.

Before VAN OOSTERHOUT and GIBSON, Circuit Judges.

PER CURIAM.

Petitioner, Loren E. Barry, is presently in custody of the sheriff of Furnas County, Nebraska, and confined to the county jail, under state charges of obtaining property by false pretenses and issuing insufficient funds checks.

On August 20, 1965, he was found guilty of civil contempt by the Federal District Court "In the Matter of Midwest

DeLux Food Company, a corporation, Bankrupt, No. B16221L." This finding of civil contempt was based on a show cause order of the referee in bankruptcy in the bankrupt case, which show cause order brought into issue the failure of petitioner to comply with previous orders of the Bankruptcy Court directing defendant to appear at hearings, to file a list of creditors, and other pertinent information desired by the Bankruptcy Court. The District Court, finding petitioner guilty of civil contempt, fined him $300 and costs, directed him "to file herewith a schedule of bankrupt's property and a list of all bankrupt's creditors and their addresses under oath", and committed him to the custody of the United States Marshal until the fine and costs are paid and the schedules and lists filed. The contempt order further said: "if said matters are complied with before September 1, 1965 this order for said Loren Barry to be placed in custody shall be suspended."

Petitioner filed a writ of habeas corpus in the Federal District Court under date of September 14, 1965, in which he requested the Court to issue a temporary restraining order, restraining state court proceedings against him until his release on habeas corpus "or until such time as the writ has been denied in the Supreme Court of the United States." Apparently the state proceedings are still pending against him and have not been concluded. This application for the writ was denied by Judge Van Pelt under date of September 15, 1965 because "(1) petitioner had not exhausted his state court remedies, (2) he did not set forth a claim upon which relief could be granted at this time, and (3) petitioner is not at this time serving the sentence of this Court imposed in the contempt proceedings."

On September 30, 1965, petitioner filed a "notice of his intention to appeal to the Court of Appeals from the order of September 15, 1965, eviding (sic) his application of habeas corpus." The District Court, apparently treating the notice of intention to appeal as an application for a certificate of probable cause, denied a certificate of probable cause to appeal for the reasons set forth in its previous order of September 15, 1965.

Petitioner now applies to this Court for a Certificate of Probable Cause, required by 28 U.S.C.A. § 2253. See In Re Application of Burwell, 350 U.S. 521, 76 S.Ct. 539, 100 L.Ed. 666.

■ It is apparent that petitioner has not exhausted his state remedies on the state charges which are the basis for his present confinement. In fact, the file does not disclose that he has even been tried on these charges. It is not the function of the Federal Courts to interfere with the administration of justice in the state court while the causes are pending and before final determination thereof. Federal jurisdiction attaches only after a final decision has been rendered and petitioner has exhausted all appellate and available post conviction remedies afforded by the state. 28 U.S.C.A. § 2254. The District Judge's denial of the Certificate of Probable Cause was proper and in fact was the only course that could properly be taken by him on the petitioner's application.

■ The petitioner has not yet been in the custody of the United States Marshal so as to be confined under the civil contempt order. He may purge himself of this contempt by following the directions of the Court; or he may appeal the contempt citation, (See 2 Collier, Bankruptcy, § 24.22 [Civil Contempt] 14th Ed. 1964) if he so desires, by filing the proper Notice of Appeal and perfecting his appeal, but since he is not in custody under the contempt order, he cannot seek relief by way of habeas corpus.

The record conclusively shows that the petitioner is entitled to no habeas corpus relief.

The application for a Certificate of Probable Cause by the petitioner to this Court is denied. Absent a certificate of probable cause, petitioner's appeal cannot be considered and is dismissed.