**Roland Hayes BARKSDALE, Appellant,**

v.

**Sherman H. CROUSE, Warden, Appellee.**
**No. 8586.**

United States Court of Appeals
Tenth Circuit.

April 19, 1966.

Peter F. Caldwell, Topeka, Kan., for appellant.

Richard H. Seaton, Asst. Atty. Gen. of Kansas (Robert C. Londerholm, Atty. Gen. of Kansas, on the brief), for appellee.

Before HILL and SETH, Circuit Judges, and BOHANON, District Judge.

HILL, Circuit Judge.

Appellant, a state prisoner, appeals from an order dismissing his petition for a writ of habeas corpus on the ground that the available state remedies have not been exhausted.

Barksdale was tried and convicted in the District Court of Geary County, Kansas, on December 11, 1963, for the crime of fourth degree manslaughter and is serving a sentence of not less than four years imposed pursuant to the conviction on January 9, 1964. Notice of appeal from the conviction and sentence was filed in the Kansas Supreme Court on May 8, 1964, with appellant being

---

represented by retained counsel. Originally, December 11, 1964, was fixed by the Kansas Supreme Court as the date for the hearing of the appeal. On November 30, 1964, the court struck the case from the hearing calendar because the retained counsel had failed to comply with the court's order that an abstract of the record be filed and the case was continued generally until such time as the order be complied with. Apparently the retained counsel did nothing in the case until June, 1965, when the abstract was filed and in July, 1965, appellant's brief was filed. On September 17, 1965, on application, appellant was granted leave to file an additional abstract and brief. On September 25, 1965, appellee filed its brief and the case was scheduled for hearing during the October, 1965, court session. On October 6, 1965, the retained counsel asked leave of the court to withdraw from the case, which was granted, and the case was stricken from the October setting. Thereafter, the District Court of Geary County appointed an attorney to represent appellant in his appeal. The last two docket entries in the Kansas Supreme Court show that on January 20, 1966, appointed counsel requested permission to withdraw the original transcript and on February 1, 1966, such permission was granted.

It is plain from the record that the delay in hearing the appeal has been due to the lack of diligence on the part of appellant's retained counsel. Twice the case was regularly set for hearing. Because of the retained counsel's failure to comply with the order of the court the first hearing was continued and the second hearing date was stricken because of the withdrawal of that counsel. We are in complete agreement with the able trial judge in that "it does not appear that petitioner has exhausted the remedies available in the courts of Kansas, or that there is an absence of available state corrective process, or that circumstances exist rendering state process ineffective to protect the rights of the petitioner."

Affirmed.