William Prell BRIZENDINE, Petitioner,

v.

Harold R. SWENSON, Warden, Missouri State Penitentiary Jefferson City, Missouri, Respondent.

No. 1053.

United States District Court
W. D. Missouri,
Central Division.

Nov. 2, 1966.

Granville Collins, Edward H. Hunvald, Jr., Columbia, Mo., for petitioner.

Norman Anderson, Atty. Gen., State of Missouri, Donald L. Randolph, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

The petition for habeas corpus here involved, filed by a convict in the Missouri Penitentiary, showed on its face that petitioner did not file a motion to vacate pursuant to Missouri Rule 27.26, V.A.M.R. in the Circuit Court of Jackson County, Missouri, at Kansas City, his committing court, before attempting to invoke federal habeas corpus jurisdiction. We shall state in some detail the reasons why petitioner's application must be denied without prejudice in order to allow the petitioner, if he elects to do so, to exhaust his available State court remedies. We do so because this case illustrates why state prisoner habeas applications filed in this Court in which multiple federal questions are involved, only some of which have been presented to the Missouri courts, must, under particular factual circumstances, be denied without prejudice for further possible proceedings in the State courts.

## I.

The opinion of the Supreme Court of Missouri affirming petitioner's conviction and life sentence, reported in State v. Brizendine, (Mo.Sup.Ct., Div. 2, 1965) 391 S.W.2d 898, stated that the "sole issue" on the original appeal from petitioner's conviction was "whether defendant was entitled to have the jury instructed upon a defense of insanity at the time of the commission of the crime." That opinion, however, determined that: "It is apparent from the transcript that neither appellant, the State, nor the Court, was aware of, or at least proceeded under Chapter 552 [a chapter of the Missouri statutes enacted in 1963 entitled Mentally Ill Persons in Criminal Cases in effect at the time of defendant's 1964 arraignment and trial]" (391 S.W. 2d at 901).

Because petitioner's habeas corpus proceedings in this Court involve other federal questions, we issued an order to determine whether petitioner had exhausted the state remedies available to him in regard to questions not determined by the Supreme Court of Missouri on petitioner's original appeal. That order directed attention to Russell v. Swenson (W.D.Mo.1966), 251 F.Supp. 196, and required that petitioner allege with particularity any circumstance as to why his petition should not be dismissed without prejudice pursuant to Section 2254, Title 28, United States Code.

Pursuant to that order the petitioner, without yet the benefit of appointed counsel, filed an amendment to his petition for habeas corpus in which he contended in substance that all his alleged deprivations of federal rights had been presented to the state trial court, preserved for appeal, presented to the Supreme Court of Missouri, and there determined adversely to him. If those allegations proved to be true, this Court, under familiar principles applicable to Section 2254, would be required to exercise its power and jurisdiction without requiring that petitioner to file a motion

to vacate under Missouri Rule 27.26. If not true, a different result would obviously follow.

In order to ascertain the truth of the allegations contained in petitioner's amendment, and in order that all possible federal claims be ascertained so that piecemeal processing of this case would be avoided, we issued a further order in which we appointed Granville Collins, Esq. and Professor Edward H. Hunvald, Jr., as counsel for the petitioner; directed that respondent respond to petitioner's amended application for habeas corpus; and directed that appropriate briefs be filed on the question of whether petitioner had exhausted his available state post-conviction remedies in regard to all possible federal claims.

In the response filed pursuant to that order, respondent suggested that only two federal questions are involved in this case, namely (1) an alleged failure to afford petitioner counsel on arraignment, and (2) the trial court's failure to submit to the jury petitioner's defense of mental incompetency at the time of the offense. Respondent also suggested that both those contentions were presented to and ruled adversely to the petitioner by the Supreme Court of Missouri. Respondent therefore contended that petitioner has exhausted his state remedies in regard to those federal questions presented and suggested that we should proceed with the case.

Respondent further suggested in his response that in the exercise of our habeas corpus jurisdiction on the merits, the procedures to be followed "should consist of a study of the state court records by petitioner's counsel and a presentation to this Court of whatever may be deemed by them or their client to be constitutional defects therein bearing upon the question of admissibility of the issue of competency of petitioner."

Counsel for petitioner, after full study of the various state court transcripts and briefs, correctly stated that petitioner's application for habeas corpus filed in this Court raised only two of at least four and possibly five federal questions that are obviously involved in this case.

Petitioner's counsel states:

In his application for habeas corpus, petitioner raises basically two contentions:

1. The failure of the trial court to instruct on insanity, and

2. The lack of counsel at the arraignment.

An examination of the records in this case indicates the presence of two additional questions:

3. The competency of petitioner to stand trial, and

4. The adequacy of representation by counsel.

A fifth possible point was mentioned in connection with counsels' discussion of the fourth point and will be discussed in connection with that point.

## II.

Counsel for petitioner concede that there has been exhaustion in regard to point one, the alleged failure to instruct. Detailed discussion of that point is not necessary because of the problems presented by unquestionable federal questions that have not yet been presented to or ruled by the courts of Missouri.

## III.

The factual situation in regard to the second point relating to the lack of counsel at arraignment raised in the habeas corpus petition filed in this Court is more complicated. Counsel for the petitioner correctly state in regard to that point:

Petitioner contends that he was without counsel at the time of his arraignment, and that this was a violation of his constitutional rights. It is doubtful that this issue was considered by the Missouri Supreme Court in passing on petitioner's appeal. The court's opinion states in the opening

sentence, " * * * the sole issue is whether defendant was entitled to have the jury instructed upon a defense of insanity at the time of the commission of the crime." State v. Brizendine, supra, at 899. The court did not consider whether the lack of counsel at the arraignment was, of itself, a violation of any right of petitioner. In addition, it appears from the records, that petitioner did not raise this issue before the Missouri Supreme Court. It was not included in petitioner's motion for a new trial, nor argued in either petitioner's or the state's briefs on appeal.

Petitioner's brief on appeal [in the Supreme Court of Missouri] makes one mention of the absence of counsel at the arraignment (at page 9):

> At appellant's arraignment, he was not represented by counsel or advised of the right to plead not guilty by reason of mental disease or defect excluding responsibility. On January 30, 1964, the motion for mental examination above mentioned was filed and the examination was ordered. This motion was certainly sufficient as written notice of appellant's intention to rely on this defense.

This was not in reference to any claim that the failure to have counsel at the arraignment was error of itself, but in support of the argument that petitioner's pretrial motion for mental examination was sufficient written notice to comply with the pleading requirements of § 552.030 RSMo 1965 Supp. As indicated in the first section of this brief, the Missouri Supreme Court rejected this argument. The court did state, State v. Brizendine, supra, at 901:

> On November 12, 1963 defendant was arraigned during which he was advised of his right to counsel. The court then offered to appoint counsel for defendant, but he waived the right of counsel and the court found

that he was mentally able and sufficiently informed to decide his need for counsel. Defendant then personally entered his plea of not guilty to the charge of first degree murder.

This recital was apparently included solely in reference to the question of whether petitioner's pleading met the requirements of § 552.030 RSMo 1965 Supp., and not in reference to any contention that petitioner's rights were denied by the lack of counsel at arraignment.

Even more important is the fact that the Missouri Supreme Court's recital of what occurred at the arraignment differs markedly from what occurred according to the transcript of the arraignment. The transcript reads as follows:

> BE IT REMEMBERED that heretofore, on the 12th day of November, 1963, the defendant, William Prell Brizendine, appeared before the Honorable Harry A. Hall, Judge of Division Ten of the Circuit Court of Jackson County, Missouri, designated Criminal Division A. The State was represented by Mr. Sam Modica, Assistant Prosecuting Attorney. The following proceedings were had:

> THE COURT: Are you William Prell Brizendine?

> THE DEFENDANT: Yes, sir.

> THE COURT: Do you have an attorney?

> THE DEFENDANT: Mike Konomos.

> MR. MODICA: This is Murder, First Degree * * * [Mr. Modica then read the charge] * * *

> THE COURT: Let the record show that Mr. Brizendine enters a plea of not guilty. The case will be set January 13, 1964. What bond does the State suggest?

> MR. MODICA: No bond. This is First Degree Murder, Your Honor.

According to the transcript, petitioner had, or thought he had, an attorney who, for reasons which are not indicated, was absent. According to the transcript, there was no inquiry as to why counsel was absent, nor was petitioner advised of his right to counsel, nor did the court offer to appoint counsel, nor did the court expressly find petitioner to be mentally able and sufficiently informed to decide his need for counsel. If the transcript is correct, then the events which the Missouri Supreme Court treated as the arraignment simply did not occur.

In a sense the Missouri Supreme Court has considered petitioner's claim of lack of counsel at the arraignment as the court concluded that he waived his right to counsel at the arraignment. However, as mentioned above, this conclusion was not in reference to any argument that the lack of counsel at the arraignment was a violation of petitioner's rights, as this argument was never raised by petitioner. Moreover, since the court's conclusion may have been based upon an erroneous belief as to what occurred at the arraignment, there is some doubt as to whether petitioner has exhausted his state remedies on this point.

The transcript on appeal filed in the Supreme Court of Missouri unquestionably supports the statement in the opinion of that court above quoted. That transcript set forth the formal journal entry apparently made on November 12, 1963 and reads as follows:

Now on this day comes the Prosecuting Attorney, comes also the defendant, William Prell Brizendine, in person and in the custody of the Sheriff, in open Court, thereupon the Court informed said defendant of the nature of the charge against him and the punishment therefor, and of his right to counsel, and explained wherein the exercise of said right might have benefit to said defendant, and after interrogating said defendant, the Court finds that defendant is mentally able and sufficiently informed to decide his need for counsel, and the Court offered to appoint counsel for said defendant to conduct his defense, but defendant waived such right to counsel, thereupon said defendant being duly arraigned before the Court for plea, enters a plea of not guilty to the charge of Murder, First Degree, thereupon the Court orders that the trial of this cause be continued for the term, and set on the 13th day of January, 1964, the same being the 1st day of the January, 1964 Term of Court, and that said defendant be held without Bond. [Tr. 5].

It is obvious that the above journal entry is inconsistent with the court reporter's transcription of the notes taken at arraignment. It is also obvious that only one of the two inconsistent versions of what actually occurred can be correct. The attention of the Supreme Court of Missouri was not directed to the apparent factual conflict and it, of course, had every reason to assume that the only version of what actually occurred was accurately reflected by a transcript on appeal approved by counsel for the parties.

It must be emphasized that the Supreme Court of Missouri had nothing except the transcript on appeal before it. That court must not and should not be criticized for accepting and relying upon as true and correct a transcript on appeal approved as such by counsel for both the State and the petitioner. What should be said or done about those responsible for the creation of this apparent factual conflict is a matter that should have the attention of the Supreme Court of Missouri before this Court is called upon to act.

▇▇▇▇ Counsel for petitioner, in direct opposition to respondent's suggestion that we need only study the state court records, suggest that an evidentiary hearing is required in order to determine exactly what did occur at petitioner's arraignment. We are in total agreement with petitioner's suggestion. Such a hearing is obviously required by the teaching of the trilogy (Fay v. Noia, 372

U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). We quote the reasons why a full evidentiary postconviction hearing must be held in this case as those reasons are correctly stated in petitioner's brief:

> An inquiry of some sort will be necessary to determine what did occur at the arraignment. If petitioner was arraigned without counsel, then a serious question is presented as to whether this was a deprivation of his constitutional rights. While there has been no clear cut decision stating that a denial of counsel at the arraignment requires the setting aside of a conviction, the United States Supreme Court has indicated clearly that a denial of counsel at a "critical stage" in the criminal process does require the setting aside of the conviction. Hamilton v. [State of] Alabama, 368 U.S. 52 [82 S.Ct. 157, 7 L.Ed.2d 114] (1961), White v. [State of] Maryland, 373 U.S. 59 [83 S.Ct. 1050, 10 L.Ed.2d 193] (1963). The Hamilton decision indicates arraignment may be a critical stage, 368 U.S. at 55 [82 S.Ct. 157]:

>> When one pleads to a capital charge without benefit of counsel, we do not stop to determine whether prejudice resulted, * * * In this case, * * * the degree of prejudice can never be known. Only the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently.

> Under the law of Missouri petitioner should have pleaded "not guilty by reason of mental disease or defect excluding responsibility" at the arraignment if he wished to raise the defense of lack of responsibility because of mental disease or defect. According to the transcript, petitioner's plea of "not guilty" was taken even though petitioner was without counsel and was not advised of the defenses available to him and did not know how to plead

intelligently. If this is true, the petitioner was denied the right to counsel at a "critical stage" in the criminal process.

We do not rule the Hamilton v. State of Alabama and White v. State of Maryland question. That question has been involved in several state convict habeas corpus cases that have pended in this Court but in each, as in this case, the petitioners involved have not exhausted their available state remedies in regard to that question. Consistent with our application of the doctrine of federal abstention, we will not reach that question until the Supreme Court of Missouri will have ruled that question on the merits.

### IV.

In regard to the third point relating to the federal question of defendant's competency to stand trial, petitioner's counsel state that it is clear that "the Missouri Supreme Court has not had an opportunity to pass on this question" and that therefore "there has been no exhaustion on this point." The facts apparent from the transcript, assuming for the moment that the transcript is accurate, show that on February 4, 1964 Judge Hall sustained a "Motion for order to examine defendant's mental state" filed January 30, 1964 by petitioner's counsel. That motion made no mention of V.A.M.S. § 552.020. It alleged:

> Comes now the defendant, by and through his attorney Michael D. Konomos, and respectfully moves this Court to order that defendant be examined by persons competent to determine his mental capacity and ability to aid counsel in his defense and for reasons therefor states:

> That your movant, who is attorney and agent for the defendant, has had numerous conferences with defendant, attempting to ascertain all of the facts and circumstances relevant and material to the charge against this defendant and to matters in his defense.

> That during each of said conferences, defendant has been unable to comprehend the questions asked him; that

he is unable to understand and comprehend that he is charged in this Court with first degree murder.

That, in the opinion of your movant, the defendant is so mentally ill that he is unable to aid in his own defense, or to understand the gravity of the proceedings against him and that in order to protect defendant in his Constitutional rights, proper psychiatrists, neurologists and/or competent physicians should examine this defendant and report to this Court their considered opinion regarding defendant's mental ability to understand the proceedings against him and to aid counsel in his defense. [Tr. 6–7].

Judge Hall, without mentioning V.A.M.S. § 552.020, entered an order on February 4, 1964 which provided:

The Court having examined the petition of the defendant for a psychiatric examination and having heard arguments in support thereof, finds that defendant should be given a psychiatric examination and that a report concerning his mental condition is necessary to a disposition of the Murder, First Degree charge now pending against defendant.

WHEREFORE, it is ordered that the Sheriff of Jackson County, Missouri, deliver the defendant, WILLIAM PRELL BRIZENDINE, to the State Hospital No. 2, at St. Joseph, Missouri, for a period of thirty days, or until on or about the 5th day of March, 1964, and that the Clinical Director of said State Hospital No. 2 cause the said defendant to be examined as to his mental condition and report the results of such an examination in writing to this Court, and it is further ordered that at the end of said thirty day period, said defendant be delivered to the Sheriff of Jackson County, Missouri, and returned to the Jackson County Jail pending further action. [Tr. 7–8].

Dr. G. S. Waraich, Acting Superintendent of State Hospital No. 2 at St. Joseph, wrote a letter to Judge Hall, quoted in part on page 900 of 391 S.W.2d The transcript does not show, however, that any hearing of any sort was held at which that letter was ever introduced in evidence; at which Dr. Waraich was called as a witness; or at which it was ever judicially determined that petitioner was competent to stand trial. The transcript does not show that petitioner was ever afforded the opportunity to cross-examine Dr. Waraich or to offer evidence of his own, as was his right, on request, under V.A.M.S. § 552.020, ¶ 2. The transcript does not show whether petitioner contested the finding or that he was ever given an opportunity so to do. We do not reach, but note that there is grave doubt about the validity of a procedure that would permit commitment on the sole basis of a report of a physician. See Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815, and Butler v. United States, 10 Cir. 1966, 361 F.2d 869.

All the transcript shows is that two days after Judge Hall signed his order on February 4, 1964, the case was continued for the term and until March 9, 1964, the first day of the March 1964 Term; was on that day reset for trial on March 23, 1964; and that the trial in fact commenced before Judge Jensen on March 30, 1964, without any notice being made of Judge Hall's order for examination for competency to stand trial.

Although counsel for the petitioner later introduced Dr. Wariach's letter in evidence (Tr. 120), neither he nor anyone else apparently knew or remembered before the trial commenced that Judge Hall had ever sustained a defense motion for mental examination; that a report had been made by the examining doctor; or that no hearing or judicial determination of any sort had ever been held to determine whether petitioner was mentally competent to be tried.

■■ Pate v. Robinson, 383 U.S. 375, at 378, 86 S.Ct. 836, at 838, 15 L.Ed.2d 815 (1966), reiterated the well established rule that "the conviction of an accused person while he is legally incompe-

tent violates due process, Bishop v. United States, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956), and that state procedures must be adequate to protect that right." That case also held that "[t]he [trial] court's failure to make such inquiry * * * deprived Robinson of his constitutional right to a fair trial" (383 U.S. at 385, 86 S.Ct. at 842) and that the failure of Illinois to give an accused "an adequate hearing on his competence to stand trial" required the federal court to issue its writ of habeas corpus unless the accused was granted a new trial within a reasonable period of time (383 U.S. at 386, 86 S.Ct. at 842).

We recently held that habeas corpus would issue in regard to a federal prisoner who was purportedly committed under Section 4246, Title 18, United States Code, without the full hearing required by Section 4244, Title 18, United States Code, and by the Constitution of the United States. See Trudell v. Ciccone, W.D.Mo.1966, No. 16126–1 decided October 21, 1966, not yet reported, and the cases there cited.

The question of whether petitioner should have been tried at all was not some sort of hidden question. Although it is almost apparent from the face of the state court transcript that petitioner's trial counsel did not have the slightest idea in regard to the law applicable to this case, that transcript also shows that the apparent factual situation was so apparent, even to petitioner's counsel, that he was moved to file the motion sustained by Judge Hall and that he unsuccessfully attempted to shift the responsibility of protecting the defendant's rights to the jury. In both his opening statement and his closing argument he indicated his continuing belief that defendant was incompetent to stand trial. In his opening statement he attempted to explain that petitioner would not take the stand because "the man is not competent to cooperate with me" (Tr. 119). And in his closing argument he repeated that "I presented no evidence because this man can not cooperate with me" (Tr. 148).

The question of whether or not the procedures followed in regard to defendant's competency to stand trial were in accord with due process is not going to go away. We should not, however, exercise our power and jurisdiction to make further inquiry into that question in accordance with the command of the trilogy until after the Missouri courts have been given an opportunity to pass on that question.

### V.

With respect to the fourth point, and a possible fifth point, counsel for the petitioner suggests that there has been no exhaustion in regard to either. In connection with the question concerning the adequacy of defense counsel, petitioner suggests:

It seems clear that petitioner's counsel was not aware of the statutes governing the basic issue in the case. Certainly, effective assistance of counsel requires that counsel be aware of the basic law dealing with the case.

Where the defense is substantially weakened because of the unawareness on the part of defense counsel of a rule of law basic to the case, the accused is not given the effective representation guaranteed him by the Constitution. Poe v. United States, 233 F.Supp. 173, 178 (D.C. D.C.1964).

The above language of Judge Skelly Wright was quoted with approval in Schaber v. Maxwell, 348 F.2d 664, 671 (6th Cir. 1965), where the failure of counsel to file a written plea of "not guilty by reason of insanity" and the resulting presumption of sanity under Ohio law was held to have deprived defendant of due process of law.

In regard to a fifth potential federal fair trial point, petitioner suggested:

(T)he Missouri Supreme Court * * * recognized that petitioner's counsel was not aware of the applicable law, State v. Brizendine, supra,

391 S.W.2d at 901. * * * However, the Court did not consider the implications of defense counsel's ignorance of the basic law involved. * * * Although aware of the situation, the Missouri Supreme Court has not squarely faced the question of whether petitioner received the effective assistance of counsel. It should be pointed out that the question was not raised in petitioner's motion for a new trial, nor was it argued in either the State's or petitioner's briefs on appeal. * * * As indicated in the opinion of the Missouri Supreme Court, it is possible that the trial court was also unaware of the law applicable to the case before it. If this is so, then it is clear that petitioner has not received a fair trial. It can hardly be a fair trial when neither the judge, the state's attorney, nor the defense counsel is aware of the law governing the case.

■ Neither of these questions, as we have noted, have been presented to the Missouri courts. We believe that they should be, before this Court exercises its jurisdiction.

## VI.

■ Application of the principles stated in detail in White v. Swenson, Warden, W.D.Mo.1966, 261 F.Supp. 42, decided this day requires that we abstain from piecemeal determination of the several federal questions presented in this case, particularly when some of the most serious federal questions involved have not yet been presented to the Missouri courts. Determination of the federal claims in regard to which exhaustion has been completed can not be fairly made without consideration being given some of the points that have not yet been presented to the state courts. The point concerning the lack of counsel at arraignment, for example, is interwoven with the point relating to the adequacy of representation by counsel. We are convinced that the doctrine of federal abstention requires that the state courts be given a fresh opportunity to determine what actually occurred in the trial of this case and to rule the real question presented rather than those that were made apparent only by what may prove to be an inaccurate transcript on appeal.

For reasons stated at length in both Russell v. Swenson, supra, and White v. Swenson, supra, we can not say that Missouri Rule 27.26 is either an unavailable or an inadequate post-conviction remedy or that any circumstances exist that would render such process ineffective to protect the rights of the petitioner within the meaning of Section 2254.

We cannot accept petitioner's suggestion that resort to Missouri Rule 27.26 may not be more than a formality. Although the law applied in Pate v. Robinson, supra, was not new law, as its citation of Bishop v. United States illustrates, it nevertheless cannot be overlooked that the Missouri courts did not have the benefit of that decision of the Supreme Court of the United States either at the time of trial or at the time of appeal. Nor do we believe that the courts of Missouri will not be anxious to resolve the apparent conflict between the transcript on appeal and the court reporter's notes as to what actually occurred at arraignment and to take appropriate action in that regard.

We are also convinced that the fact that it cannot be said that petitioner has clearly exhausted his state remedies in particular regard to his claim of lack of adequate representation by counsel, both trial and appellate, may not be overlooked in our consideration of the command of Section 2254. We believe that such questions, involving as they do members of the Bar of Missouri, and obviously involving the necessity for an evidentiary hearing, should be initially processed and ruled by the state courts before the habeas corpus jurisdiction of this Court is exercised.

## ORDER

For the reasons stated, petitioner's petition should be and the same is hereby

dismissed without prejudice to file a motion to vacate and set aside his sentence pursuant to Missouri Rule 27.26. Should petitioner elect to file such a motion he shall, of course, present all his federal claims in that motion and, consistent with the principles stated in White v. Swenson, may return to this Court in the event, but only in the event, he shall have exhausted all his available state postconviction remedies, including his right of appeal to the Supreme Court of Missouri from a denial of any Missouri Rule 27.26 motion he may file in the Circuit Court of Jackson County, Missouri at Kansas City, should the trial court in fact deny his motion.

Consistent, however, with the command of Section 2243 of Title 28, United States Code, "to dispose of the matter as law and justice require," we further determine and order that if no action whatever shall be taken on any Missouri Rule 27.26 motion that petitioner may elect to file in the Circuit Court of Jackson County, Missouri, at Kansas City for a period of twenty (20) days after such filing, this Court will grant leave to file a new petition for federal habeas corpus in this Court and will conduct further appropriate proceedings in regard to any such new petition in order to determine whether circumstances then exist that render the state corrective process ineffective to protect the rights of the petitioner within the meaning of Section 2254, Title 28, United States Code.

Petitioner and his appointed counsel shall keep this Court advised of the progress of any Missouri Rule 27.26 motion that petitioner may file. The Court is confident that counsel appointed by this Court will cooperate with counsel that may be appointed by the state court or with counsel retained by petitioner. The duties of counsel appointed by this Court, however, are confined to services rendered in this Court. We again express our commendation of Mr. Collins and Professor Hunvald for the services thus far rendered petitioner which have been in the highest tradition of the Bar.

It is so ordered.