STATE OF NEBRASKA, APPELLEE, v. PAUL ALLEN CRAIG, APPELLANT.

146 N. W. 2d 744

Filed November 25, 1966.   No. 36312.

Paul Allen Craig, pro se.

Clarence A. H. Meyer, Attorney General, and Richard H. Williams, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and MANASIL, District Judge.

BROWER, J.

Appellant Paul Allen Craig filed a motion to vacate or set aside a judgment and sentence in a criminal action in the district court for Cheyenne County, under the provisions of sections 29-3001 to 29-3004, R. S. Supp., 1965.

The sole contention set forth in the appellant's motion was that he had been denied the equal protection of the law guaranteed by the Fourteenth Amendment to the United States Constitution in that he was convicted and sentenced to a term of imprisonment of 10 years whereas one other person charged with the same offense was released and not prosecuted and another charged

likewise was placed under probation for a period of 5 years.

An affidavit of poverty was filed by the appellant and the trial court appointed counsel for him. At a hearing had with the court-appointed counsel for appellant, the trial court denied and dismissed appellant's motion. It further failed to appoint counsel to assist him on appeal.

Contrary to the appellant's contention in his motion to vacate and set aside the judgment and sentence, the exercise of discretionary power in sentencing codefendants to varying terms of imprisonment within the statutory limits for the crime charged is not a denial of equal protection of the law under the Fourteenth Amendment. United States v. Vita, 209 F. Supp. 172; United States v. Litterio, 153 F. Supp. 329, affirmed 244 F. 2d 956, certiorari denied 355 U. S. 849, 78 S. Ct. 75, 2 L. Ed. 2d 57; Stevens v. State, 232 Md. 33, 192 A. 2d 73, certiorari denied 375 U. S. 886, 84 S. Ct. 160, 11 L. Ed 2d 115; Howard v. Fleming, 191 U. S. 126, 24 S. Ct. 49, 48 L. Ed. 121.

The appellant further contends the trial court erred in failing to appoint counsel to represent him on appeal to this court. In Douglas v. California, 372 U. S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811, the United States Supreme Court held that under the Constitution of the United States, counsel must be provided an indigent on first appeal of right, but in that case stated: "We are not here concerned with problems that might arise from the denial of counsel for the preparation of a petition for discretionary or mandatory review beyond the stage in the appellate process at which the claims have once been presented by a lawyer and passed upon by an appellate court. We are dealing only with the *first appeal,* granted as a matter of right to rich and poor alike * * *."

In Madison v. Tahash, 249 F. Supp. 600, the case of Douglas v. California, *supra,* was discussed and that case held: "Sixth Amendment's guaranty of right to

counsel does not apply to habeas corpus proceedings, which are in nature of civil actions. U. S. C. A. Const. Amend. 6." In Jackson v. United States, 221 F. Supp. 755, the federal court construed the federal statutes, 28 U. S. C. A., §§ 1915, 2255, pp. 333, 563, which provide counsel *may* be appointed on motions to vacate judgment of conviction, and held: "On motion to vacate judgment of conviction, indigent defendant was not entitled, as a matter of right, to court-appointed counsel. 28 U. S. C. A. §§ 1915, 2255.

"Because petition to vacate judgment, filed by indigent petitioner who had been granted leave to proceed in forma pauperis, raised no issue of fact but only question of law as to whether indictment was fatally defective, no counsel would be appointed. 28 U. S. C. A. §§ 1915, 2255." See, also, United States ex rel. Boone v. Fay, 231 F. Supp. 387, certiorari denied 380 U. S. 936.

We think section 29-3004, R. S. Supp., 1965, providing the district court may appoint an attorney or attorneys, not exceeding two, to represent the prisoners in all proceedings under the provisions of sections 29-3001 to 29-3004, R. S. Supp., 1965, does not require the appointment of counsel in all cases, and where a single question of law is involved, none need be appointed on appeal.

In the case before us, counsel was appointed to represent the indigent defendant in the trial court on the hearing of his motion. Save for the appointment of counsel on appeal, only one question of law is before this court. We fail to see how counsel could have been of assistance to the appellant to resolve this narrow and uncomplicated issue.

We find no error in the trial court's ruling and its judgment is therefore affirmed.

AFFIRMED.