Loren E. BARRY, Appellant,

v.

Maurice SIGLER, Warden, Nebraska
Penal and Correctional Complex,
Appellee.

No. 18534.

United States Court of Appeals
Eighth Circuit.

March 16, 1967.

Rehearing Denied April 13, 1967.

836

Loren E. Barry, pro se, Roger Clark West, Des Moines, Iowa, on the brief, for appellant.

Clarence A. H. Meyer, Atty. Gen., and Richard H. Williams, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before MATTHES, LAY and HEANEY, Circuit Judges.

PER CURIAM.

Appellant under state custody appeals from a denial of writ of habeas corpus by the federal district court. The district court ruled that appellant had failed to exhaust his state remedies under the Nebraska post-conviction statute, §§ 29–3001 to 29–3004 Neb.Rev.Stat.Supp.1965. The Honorable Robert Van Pelt granted a certificate of probable cause for appeal, particularly upon the ground that appellant raises questions of the lower court's partiality and bias. Appellant now appears pro se. He is serving concurrent sentences of two to four years, after state conviction on charges of obtaining property by false pretenses. Appellant seeks to challenge this conviction upon constitutional grounds.

In August 1965, Judge Van Pelt held appellant guilty of civil contempt involving a bankruptcy proceeding. See Barry v. McTaggart, 8 Cir. 1965, 351 F.2d 944. This fact is first raised upon appellant's petition for a certificate of probable cause to the district court. The intended inference is that the lower court was prejudiced against the appellant in this proceeding. No mention of it is made in the hearing before Judge Van Pelt by the appellant or his retained attorney, Roger West, a member of the Bar of Iowa.

Merely because a trial judge is familiar with a party and his legal difficulties through prior judicial hearings, or has found it necessary to cite a party for contempt, does not automatically or inferentially raise the issue of bias. As stated by the court in Lyons v. United States, 9 Cir. 1963, 325 F.2d 370, 376, cert. den. 377 U.S. 969, 84 S.Ct. 1650, 12 L.Ed.2d 738 which ruled that affidavits filed under § 144 were legally insufficient: "The section [144] is directed to personal bias, which means an attitude of extrajudicial origin. A mere showing of prior judicial exposure to the present parties or questions will not invoke the section." See also Cox v. United States, 8 Cir. 1962, 309 F.2d 614, 619–620; Barnes v. United States, 9 Cir., 1956, 241 F.2d 252; United States v. Lowrey, W.D.Pa.1948, 77 F.Supp. 301, 302, aff'd 172 F.2d 226 and 179 F.2d 964, cert. den. 339 U.S. 969, 70 S.Ct. 986, 94 L.Ed. 1377; United States v. Sansone, 2 Cir., 1963, 319 F.2d 586.

We deem the allegation frivolous. The court ordered the state to show cause and granted a hearing under the writ on the issue of whether appellant had exhausted his state remedies. At the hearing Judge Van Pelt personally assured appellant that the procedure had been cleared with prison authorities to clarify any past misunderstandings in order to expedite his filing a properly verified complaint in Furnas County, Nebraska, as required under §§ 29–3001 to 29–3004. If anything, the record unequivocally demonstrates an awareness by Judge Van Pelt, as an experienced and fair trial judge, to guarantee appellant the full exhaustion of his rights.

We turn now to the question whether appellant has exhausted his state remedies. In February 1966, appellant filed

an unverified motion[1] for relief in the District Court of Furnas County. He was informed by the clerk of the court that his motion would be taken up in April. On April 27, 1966, appellant filed his motion for a writ of habeas corpus. *On the same date,* Judge Van Pelt issued an order to show cause to the respondent, Maurice Sigler, Warden of the Nebraska State Penal Institution. In his petition in federal court, appellant stated that his motion under §§ 29–3001 to 29–3004 had been ignored by the state district court in Furnas County. At this time his motion had not been ruled upon by the state district judge. On May 13, 1966, Warden Sigler, the respondent herein, through the Nebraska Attorney General's office, filed a return, alleging that on May 10, 1966, the District Court of Furnas County had entered its order dismissing the motion for failure to conform to the requirements of § 29–3001 of the Nebraska statutes. The return also states that appellant did not appeal the dismissal to the Nebraska Supreme Court. Curiously enough, appellant was not even notified of the state court's ruling until respondent attached a copy of it to his return in the instant case.

▐ According to appellant, and not denied by the respondent, at the time appellant prepared his original petition for filing in the state district court, respondent had a prison rule which prevented prisoners from notarizing typewritten papers prepared outside the prison. We cannot but agree with Judge Van Pelt's observation, " * * * I'm not passing on the Warden's rule of not permitting an inmate to have a typewriter or use it in the institution, but it seems to me that a rule that would prohibit a man having either his attorney or some one on the outside typewrite something for him and send it out to him for verification would be arbitrary and unreasonable." We would further add that under the circumstances of the record, respondent cannot invoke a prison rule which will legally prevent appellant or anyone else within his custody from having a fair hearing by the state courts. Compare Noble v. Sigler, 8 Cir., 351 F.2d 673. We rest assured that this is not the intent of such disciplinary regulation but it did have this effect in the present case. We are also compelled to observe that under Nebraska law this problem should not have arisen. Failure to verify a petition is not a jurisdictional defect and would not require dismissal.[2] Appellant was not notified of respondent's resistance in state court. Respondent argues that appellant should have appealed this ruling to the Supreme Court. This would have been a futile gesture on a procedural point. Respondent was in error in resisting the petition in state court on technical grounds. The intent of the post-conviction statute is not to provide a procedural quagmire to individuals who attempt to point out constitutional infirmities in their convictions. Respondent's complicity in the prison rule and resistance in the Furnas County motion (as shown by their return) procedurally defeats the remedial purpose of the post-conviction statute.

▐ It has been frequently recognized the rule that prisoners must exhaust their state remedies before seeking federal relief, is one of comity and not power. See, e. g., Fay v. Noia, 372

---

1. § 29–3001 required that the petition be verified.

2. In American Mortgage & Finance Co. v. Horrigan, 121 Neb. 854, 855, 238 N.W. 766, the defendant filed a motion to strike plaintiff's amended petition because it had not been verified. Without notice to the plaintiff or his attorney the court sustained the motion and dismissed the action. In reversing, the Supreme Court noted that plaintiff was not notified of any hearing and further stated: "It appears to us that it was clearly an abuse of discretion on the part of the learned trial court to dismiss the action on the ground that the amended petition had not been verified."

In an earlier case the Supreme Court made it clear that lack of verification was not a jurisdictional defect. Northup v. Bathrick, 80 Neb. 36, 113 N.W. 808. See also Woods v. Woods, 177 Neb. 542, 129 N.W.2d 519; Hiatt v. Menendez, 157 Neb. 914, 62 N.W.2d 123; In re Estate of Graff, 86 Neb. 535, 125 N.W. 1091.

U.S. 391, 420, 83 S.Ct. 822, 9 L.Ed.2d 837; Pate v. Holman, 5 Cir., 343 F.2d 546; Hunt v. Warden, Maryland Penitentiary, 4 Cir., 335 F.2d 936. It is, therefore, within the limited discretion of the federal district court whether the petition for the writ should be entertained under extraordinary circumstances amounting to a denial of a fair hearing based upon "overly sophisticated technicalities and self-imposed limitations" of the state's procedural machinery. Hunt v. Warden, Maryland Penitentiary, 4 Cir., 335 F.2d 936, 940.

Nevertheless, the teaching of Fay v. Noia, supra, emphasizes that a federal district court should not "upset a state conviction without an opportunity to the state courts to correct a constitutional violation." [3] The rationale of the rule aids petitioner. The state district court is cognizant of the litigation and if constitutional guarantees not otherwise litigated need correction, the state courts are the logical courts to hold the hearing and review their own cases.

Title 28 U.S.C. § 2255 providing for federal post-conviction relief was passed for correcting erroneous sentences of federal prisoners without cumbersome resort to habeas corpus. It was designed to afford the same rights to a petitioner in another, but more convenient, forum. Likewise, the Nebraska Post-Conviction Act inures to the direct benefit of the petitioner, providing a more expeditious remedy to correct a possible erroneous sentence. It is compelling that the "federal system entrusts the states with primary responsibility" in their own criminal cases. This policy was recently affirmed by Mr. Justice Brennan, when he said:

"* * * Although relief may ultimately be denied, that the state courts should have the opportunity to decide in the first instance is a course consistent with comity, cf. 28 U.S.C. § 2254, and a full and fair hearing in the state courts would make unnecessary further evidentiary proceedings in the federal courts. See Townsend v. Sain, 372 U.S. 293, [83 S.Ct. 745, 9 L.Ed.2d 770] * * *" Giles v. State of Maryland, Feb. 20, 1967, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737.

In the present case appellant may still obtain review from the state district court in Furnas County. The doors of the state court have been open since May 27, 1966. The federal district court has been assured by respondent that appellant's petition may not be verified and refiled for a "prompt" review [4] on its merits in the

---

3. It is also well established a petitioner may not deliberately bypass any available appeal to the Supreme Court of the state involved. Kurth v. Stephenson, 8 Cir., 323 F.2d 997; Barry v. McTaggart, 8 Cir., 351 F.2d 944; Goodwin v. Holman, 5 Cir., 361 F.2d 403; Haley v. Wilson, 9 Cir., 357 F.2d 722; Barksdale v. Crouse, 10 Cir., 360 F.2d 34. See also Farrant v. Bennett, 8 Cir., 347 F.2d 390, cert. den. 382 U.S. 868, 86 S.Ct. 143, 15 L.Ed.2d 107. See, the excellent and most thorough analysis by Judge John W. Oliver, representing an *en banc* opinion of the United States District Judges of the Western District of Missouri, discussing federal habeas corpus jurisdiction and the post-conviction remedy available to state prisoners in Missouri, found in the following trilogy of cases: White v. Swenson, D.C.Mo., 261 F.Supp. 42; Brizendine v. Swenson, D.C.Mo., 261 F.Supp. 68; and Stockwell v. Swenson, D.C.Mo., 261 F.Supp. 77. These opinions exhaustively set out a statement of policy of federal courts and recommended procedures for state courts under post-conviction statutes.

4. A prompt hearing is required under § 29–3001 Neb.Rev.Stat. The basis of appellant's original filing in federal court was that he was being denied a "prompt" hearing in the state district court. He alleges he wrote the clerk of the court in Furnas County and "appealed" because he could not get a timely hearing. A "prompt" hearing is the same time requirement set out in the federal post-conviction statute, Tit. 28, § 2255. Under § 2243, providing for a writ of habeas corpus, the federal district court upon filing of the return, within 3 days of the court's order to show cause, and not exceeding 20 days, upon showing of good cause, shall set a date for hearing "not more than five days after the return." Additional time may be allowed by court order. However,

state courts. Appellant and his personal lawyer agreed to this refiling at the time of the hearing before Judge Van Pelt. If appellant had followed the then agreed course, we are convinced his petition could have been filed by June 1, 1966, and a review held long ago. By deliberately bypassing this procedure appellant created the present unavoidable delay.[5]

More controlling is the fact that since May 27, 1966, there have existed no state obstacles precluding an effective state remedy by appellant.[6] Any delay since that time was appellant's choice. And, as we have previously indicated, appellant's review in state court, on the record and transcript of his original case, is in more knowledgeable hands than in a court strange to all prior proceedings. We are confident, as was the federal district court, that appellant's motion can be fairly and now expeditiously heard under state procedures presently existing. The lower court's dismissal is affirmed, without prejudice to appellant to refile his motion in a state court proceeding.

Judgment affirmed.

delay in a state court in and of itself does not present sufficient grounds to merit federal intervention. Only when evidence is produced that shows the state delay is a result of discrimination against the petitioner, amounting to a denial of process, should federal intervention proceed to a hearing upon the merits. Jones v. Crouse, 10 Cir., 360 F.2d 157. See also United States ex rel. O'Halloran v. Rundle, D.C.Penn., 260 F.Supp. 840 (1966).

5. We do not pass upon the merits of appellant's claim in any way. Any factual issues generally require a hearing. However, the state court may determine, based upon the records of the prior proceedings, that there can conclusively be no basis to appellant's contentions to make a hearing necessary. See § 29-3001, Neb.Rev.Stat. Cf. Cain v. United States, 8 Cir., 271 F.2d 337.

6. It appears that the Nebraska courts are regularly receiving and ruling upon motions filed under § 29-3001. See State v. Clingerman, 180 Neb. 344, 142 N.W.2d 765; State v. Erving, 180 Neb. 680, 144 N.W.2d 424; State v. Losieau, 180 Neb. 696, 144 N.W.2d 435; State v. Losieau, 180 Neb. 671, 144 N.W.2d 406; State v. Fugate, 180 Neb. 701, 144 N.W.2d 412; State v. Ronzzo, 181 Neb. 16, 146 N.W.2d 576; State v. Craig, 181 Neb. 8, 146 N.W. 2d 744; State v. Burnside, 181 Neb. 20, 146 N.W.2d 754 (erroneous sentence vacated); State v. Snyder, 180 Neb. 787, 146 N.W.2d 67. Any consideration of the merits of appellant's claim for relief, or any indulgence in presuppositions as to what action the Nebraska court may take upon a resubmission of his motion are of course irrelevant to the issues here. It is clear that the State of Nebraska has never passed upon the merits of appellant's constitutional claims, and there is no showing that the dismissal of appellant's initial motion upon the ground that it was unverified would in any way preclude the state court from adjudicating the merits of his contentions upon resubmission in proper form. Cf. Kurth v. Stephenson, 8 Cir. 1963, 323 F.2d 997; Russell v. Swenson, W.D.Mo.1966, 251 F. Supp. 196; Hooper v. Nash, 8 Cir. 1963, 323 F.2d 995, cert. den. 376 U.S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768.