stantial evidence", and cannot be permitted to stand.

The judgment of the Municipal Court, upholding the orders of the Commissioner of Labor is hereby reversed, and the petition praying enforcement of the Commissioner's order is dismissed.

**Arthur CHEEK, Petitioner,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary.**

No. S69 C 65.

United States District Court
E. D. Missouri,
Southeastern Division.

Dec. 12, 1969.

Arthur Cheek, pro se.

John C. Danforth, Atty. Gen. for State of Missouri, for respondent.

## MEMORANDUM OPINION AND ORDER

HARPER, Chief Judge.

Petitioner, presently confined in the Missouri State Penitentiary at Jefferson City, Missouri, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2254.

Petitioner alleges that he was sentenced to life imprisonment in Stoddard County, Missouri, on May 31, 1958, on a charge of murder, and attempted to appeal the conviction, but did not pursue the appeal to conclusion. On November 4, 1964, petitioner filed a motion to vacate sentence pursuant to Missouri Supreme Court Rule 27.26, V.A.M.R., which motion was denied without a hearing. On December 15, 1967, petitioner filed a motion to vacate sentence pursuant to Missouri Supreme Court Rule 27.26., which motion was overruled after an evidentiary hearing had been held. The appeal from that order is now pending in the Missouri Supreme Court.

On the face of the petition it appears that petitioner has not exhausted his state remedies as required by 28 U.S.C.A. § 2254. Exhaustion of state remedies is a prerequisite to relief by habeas corpus in this court. Worley v. Swenson, 386 F.2d 186 (8th Cir. 1968); Glenn v. Ciccone, 370 F.2d 361 (8th Cir. 1966); Barry v. McTaggart, 351 F.2d 944 (8th Cir. 1965).

It is petitioner's contention, however, that there are exceptional circumstances in his case which entitle him to the re-

lief sought. Petitioner alleges that the Missouri Supreme Court denied his motion to produce transcript on appeal and his motion for assessment of bail pending appeal and that there has been undue delay in the matter of his motion under Missouri Supreme Court Rule 27.26.

■■ The denial of petitioner's motions by the Missouri Supreme Court does not constitute exceptional circumstances rendering the state remedies inadequate. The delay in the matter of petitioner's 27.26 motion is not inordinate delay that would authorize federal habeas corpus relief absent exhaustion of state remedies. In any event, whether the delay violates concepts of due process of law is in the first instance a matter for the appellate courts of Missouri to determine. Croney v. Swenson, 271 F.Supp. 363 (D.C.Mo. 1967).

Therefore, it is ordered that the petition for writ of habeas corpus will be and hereby is dismissed.