IN RE ESTATE OF JOHN GRAFF.

JOHN WARD, RECEIVER, APPELLEE, v. HETTIE GRAFF ET AL., APPELLANTS.

FILED APRIL 9, 1910.    No. 15,942.

1. **Executors and Administrators:** APPOINTMENT: AFFIRMANCE IN DISTRICT COURT. An appeal from a county court's order granting letters of administration may be taken to the district court and tried *de novo;* and in such a case an affirmance may be entered, where the order from which the appeal is taken is found to be the proper one and free from error.

2. ———: ———: JURISDICTION: FAILURE TO SIGN PETITION. Failure of petitioner to sign his petition for letters of administration does not prevent the county court from acquiring jurisdiction to appoint an administrator.

3. ———: ———: FAILURE TO SIGN PETITION: REVIEW. An objection that plaintiff did not sign his petition cannot be made for the first time in an appellate court.

4. **Pleading:** SIGNING. A plaintiff who signs a verification following his petition, and states therein that "petitioner has read the foregoing petition and knows the contents thereof, and that the matters and facts therein set forth are true as he verily believes", sufficiently complies with the statutory provision that "every pleading in a court of record must be subscribed by the party, or his attorney." Code, sec. 112.

5. **Receivers:** RESIGNATION: NEW APPOINTMENT: NOTICE. A district court having jurisdiction over the receivership of an insolvent state bank may without notice accept the resignation of the receiver and appoint his successor.

APPEAL from the district court for Johnson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*L. C. Chapman,* for appellants.

*Hugh La Master, S. P. Davidson* and *Jay C. Moore,* contra.

ROSE, J.

John Ward, receiver of the Chamberlain Banking House, filed in the county court of Johnson county, April

11, 1907, a petition for the appointment of an administrator for the estate of John Graff, deceased. These facts were pleaded: Graff died February 7, 1907, and at the time owed the Chamberlain Banking House $2,219, an indebtedness still unpaid. He had been a resident of Johnson county, and left therein an estate of $12,000, consisting of both personal property and real estate. No will was found, and it was believed he died intestate. The name, age, residence and relationship of the next of kin were also stated. The widow and a daughter of Graff, defendants herein, resisted the application, but their objections were overruled, and from an order granting letters of administration they appealed to the district court, where the judgment of the county court was affirmed. From the judgment of affirmance they have appealed to this court.

The first assignment of error relates to the form and substance of the judgment rendered by the district court. That part material to the inquiry here is as follows: "This cause came on for trial, both parties, appellants and appellee, being in court, whereupon the cause was submitted to the court without a jury. After hearing the evidence offered by all the parties, the court finds generally for appellee and against appellants. Appellants except. Therefore it is considered, decreed and adjudged by the court that appellant's appeal herein be, and the same is hereby, dismissed and the judgment of the county court in all things is affirmed."

Defendants complain of the dismissal of the appeal, and argue that there should have been a trial *de novo* and a formal judgment in the district court on the issues raised by the pleadings. The evidence and findings show there was a trial in conformity with the rule that an appeal from a county court's order granting letters of administration may be taken to the district court and tried *de novo*. *In re Miller,* 32 Neb. 480. While the form of the judgment is not above criticism, it contains a general finding in favor of plaintiff and an affirmance of the order grant-

ing letters of administration. The county court, in making the order from which the appeal was taken, acted within its jurisdiction. It is in that court that the final judgment rendered on appeal in the district court must be carried into effect. Comp. St. 1909, ch. 20, art. I, sec. 48; *Williams v. Miles,* 73 Neb. 193; *Estate of Bennett v. Taylor,* 4 Neb. (Unof.) 800. In such a case an affirmance is proper, where the judgment of the county court is free from error and the one which should have been rendered. The dismissal should have been omitted, but its insertion in the journal entry will not prevent the county court from carrying its own judgment into effect upon receiving from the appellant court a certificate of affirmance. If the order of the county court was properly upheld, the dismissal of the appeal was equivalent to an affirmance. *Bell v. Walker,* 54 Neb. 222. If the general finding in favor of plaintiff was correct, defendants lost no right by the dismissal and are not entitled to a reversal on that ground.

That the petition filed in the county court was not signed by petitioner or by his attorney is also urged as a ground of reversal. The petition on which the case was tried in the district court is not defective in that particular, but the objection is that the petition in the county court does not comply with the statute, which declares: "Every pleading in a court of record must be subscribed by the party, or his attorney." Code, sec. 112. The petition in the county court was not signed by plaintiff's attorney. Neither was the name of the petitioner signed in the usual place, but he did sign a verification below his petition, and that fact is attested by a notary's jurat. The verification states that "petitioner has read the foregoing petition and knows the contents thereof, and that the matters and facts therein set forth are true as he verily believes." For a numer of reasons the objection of defendants is without merit here. The failure to sign the petition at the customary place did not prevent the county court from acquiring jurisdiction. *Fritz v. Barnes,* 6 Neb.

435; *In re Miller*, 32 Neb. 480; *Hershiser v. Delone & Co.*, 24 Neb. 380; *Northup v. Bathrick*, 80 Neb. 36; *Harrison v. Wright*, 1 N. Y. St. Rep. 736. There is nothing in the bill of exceptions to show that defendants made their objection in the county court. In the absence of a record showing that an objection was made in the court of original jurisdiction, a waiver of the defect will be presumed in the appellate court. In any event, plaintiff's verification of the petition was a sufficient compliance with the statute. *Zollicoffer v. Briggs*, 3 Rob. (La.) 236; *Barrett v. Josylun*, 29 N. Y. Supp. 1070; *Harrison v. Wright*, 1 N. Y. St. Rep. 736; *Johnson v. Johnson*, 1 Walk. Ch. (Mich.) *309. In the latter case the court said: "The petition was not signed by the petitioner, but it was verified by her affidavit at the foot of the petition, which affidavit was signed by her, and in which she stated she had read the petition, knew the contents thereof, and that it was true. This was a sufficient signing of the petition, or recognition of it as her own act, to answer the requirement of the statute."

Defendants further complain that letters of administration should not have been issued, because, as they view the record, there was no proof that Graff was a debtor of plaintiff, or that he left property in Johnson county. There is evidence that an unpaid note signed by Graff was held by plaintiff, and that at the time of Graff's death a list of personal property stood on the county assessment rolls in his name.

Under another assignment of error it is contended that the appointment of John Ward as receiver of the Chamberlain Banking House was void, on the ground it was made without notice, and that therefore he had no authority to apply for letters of administration. A copy of the order containing his appointment appears in the record. It was made by the district court for Johnson county, and shows that Ward was appointed to fill a vacancy caused by the resignation of a former receiver. If the original order appointing a receiver was valid, and

its validity has not been questioned, the property and affairs of the Chamberlain Banking House were under the control of the district court when Ward was appointed. This being true, the court on its own motion and without notice had authority to accept the resignation of the acting receiver and appoint a successor. *Nichol v. Murphy,* 145 Mich. 424.

There is no error in the record, and the judgment is

AFFIRMED.