JOE A. KIELIAN ET AL., APPELLANTS, V. KENT & BURKE COMPANY ET AL., APPELLEES.

FILED JUNE 19, 1936.   No. 29656.

*Dewey Hanson* and *G. N. Anderson,* for appellants.

*George B. Thummel, contra.*

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and YEAGER, District Judge.

EBERLY, J.

The plaintiffs first instituted an action in the district court for Polk county, praying that a warranty deed, dated February 25, 1932, recorded in book R. R. on page 595 of the deed records of Merrick county, and also recorded in book 48 on page 102 of the deed records of Polk county,

and purporting to have been executed by them and to convey to Kent & Burke Company the lands in suit situated in Merrick and Polk counties, be set aside and canceled of record. Their petition set forth the contract of settlement and this deed of conveyance of plaintiffs' farm; alleged that both were procured by and through the fraudulent acts, representations, and concealment of Kent & Burke Company; that neither the deed nor the contract had been knowingly executed or acknowledged by them; that the notary public purporting to certify to such acknowledgment was disqualified by interest, had never been appointed, and had never qualified as such officer; that the lands in suit constituted the homestead of plaintiffs; and that said written instruments, not having been actually acknowledged or knowingly executed by the grantors, were wholly void.

To this pleading the defendant Kent & Burke Company filed its answer and cross-petition, in which the allegations of plaintiffs' petition were denied; also, setting forth at length the approved qualifications of the notary public who officiated in taking the acknowledgment of the grantors to the deed in suit, and detailing the several acts performed by him in that transaction; and praying that the title to the premises be quieted in the defendant Kent & Burke Company.

Plaintiffs thereupon filed reply, thus joining issues. A trial to the court followed, and after hearing the evidence, the district court for Polk county entered its decree finding generally for defendant and against plaintiffs; and finding that the deed in question "is a valid warranty deed duly executed, acknowledged and delivered by plaintiffs to defendant for a consideration," and quieting title to the premises conveyed by such deed in the grantee therein named, Kent & Burke Company. No appeal was ever prosecuted from said decree, and on January 4, 1935, the present action was instituted by plaintiffs to secure a new trial.

A careful reading of the record discloses that the

matters which plaintiffs now allege as constituting perjury at the first trial were specifically set forth as facts in defendant's answer in that proceeding. Thus, plaintiffs, in advance of trial, were advised by pleading of the nature of defendant's evidence which would be presented. This evidence related to the execution of the written instruments, and the due acknowledgment thereof by the plaintiffs. Indeed, the record sustains the conclusion that, on the matters in controversy, the testimony of plaintiffs, in the present action, was substantially the same as that given by them in the trial of the first case. It amounted to no more than a practical reiteration of what had been previously presented and considered. Two witnesses testified who had not been previously called. At most, their evidence was merely corroborative of plaintiffs' testimony, and strictly cumulative.

The principle here controlling is: "Newly discovered evidence which is merely cumulative in character will not entitle a party to a new trial, nor will such evidence justify a court of equity in setting aside a judgment obtained in a law action." *Gutru v. Johnson*, 115 Neb. 309, 212 N. W. 622. See, also, *Campbell v. Holland*, 22 Neb. 587, 35 N. W. 871; *Christoffersen v. Weir*, 110 Neb. 390, 193 N. W. 922.

Practically all of the evidence charged by plaintiffs as being perjured was introduced at the first trial in support of specific allegations of defendant's pleading as to the acts and statements of plaintiffs and as to the acts and qualifications of the notary public who took the acknowledgment of plaintiffs to the deed, the validity of which was challenged.

Under such circumstances, "A party should, in preparing his case for trial, proceed on the assumption that his adversary will produce evidence to make good the averments of his pleading." *Secord v. Powers*, 61 Neb. 615, 85 N. W. 846.

So, also, "In an action to vacate a judgment on the ground that it was obtained by fraud the plaintiff must

allege and prove that he exercised due diligence at the former trial, and that his failure to secure a just decision was not attributable to his own fault or negligence." *Secord v. Powers, supra.* See, also, *Gutru v. Johnson,* 115 Neb. 309, 212 N. W. 622.

Under section 20-2001, Comp. St. 1929, it is only when a judgment is clearly shown to have been obtained by fraud or false testimony (and which it would be against good conscience to enforce) that, upon application of the unsuccessful parties, accompanied by a proper showing of due diligence, such judgment will be vacated. *Secord v. Powers, supra; Gutru v. Johnson, supra.*

As hereinbefore shown, the evidence presented on part of plaintiffs in the instant case, taken as an entirety, is practically the same, so far as can be determined from the present record, as that offered in the first trial. It is not convincing. Under the circumstances disclosed, it is manifestly insufficient to entitle the plaintiffs to the relief sought. The fundamental reasons for the attitude of courts in this particular class of cases was well expressed by Letton, J., in *Scudder v. Evans,* 105 Neb. 292, 180 N. W. 254, in this language:

"An extended experience of the general inaccuracy of observation and of the frailty of human nature as exhibited on the witness-stand convinces the writer that, if judgments may be opened up and set aside on the sole ground that testimony given at the hearing was false or even perjured, then comparatively few judgments would be conclusive. It is in the highest degree essential to the welfare of the community, and to the respect which should be given to and the confidence which ought to exist in the judgments of a court, that they should not be set aside unless upon the strongest and most convincing grounds."

Two judges, each in a separate trial, heard the material evidence set forth in the present record, and found against the plaintiffs' contentions. A careful consideration of such proof by this court, *de novo,* does not warrant the conclusion that any error has been committed.

Therefore, the judgment of the trial court is deemed correct, and the same is

AFFIRMED: