MARGARET PINCHES, APPELLEE, V. VILLAGE OF DICKENS, APPELLANT.

FILED JULY 31, 1936. No. 29693.

574

*Hastings & Hastings,* for appellant.

*E. H. Evans* and *Urban Simon, contra.*

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER, JJ., and BLACKLEDGE and LANDIS, District Judges.

LANDIS, District Judge.

In a law action for personal injuries had in the district court, on appeal to the supreme court, judgment was rendered for the plaintiff, Margaret Pinchés, against the defendant, Village of Dickens.

This is an application brought under the provisions of section 20-2001, Comp. St. 1929, providing that a district court shall have power to vacate or modify its own judgments after the term at which such judgments were rendered for fraud practiced by the successful party in obtaining the judgment or order.

The appeal herein by the village of Dickens presents the question of whether or not the trial court rightly dismissed the petition of the defendant village to vacate the former

judgment obtained against it by the plaintiff Margaret Pinches.

In the law action which resulted in a judgment, the petition alleged the exact place where Margaret Pinches fell, the negligence of the village in allowing ice and snow to accumulate thereat, and set up with particularity the facts and circumstances surrounding her falling and injury at that point. The defendant village by answer joined issue. The plaintiff's testimony in the original action followed and sustained her petition. She further testified that she cut her hand and got muresco on the sleeve of her coat from her fall. The coat of tan color was offered in evidence with muresco on the sleeve. Two witnesses testified to seeing muresco and one witness blood at the place of the fall claimed by plaintiff.

The instant application by the village to vacate the former judgment is based on the grounds that Margaret Pinches fraudulently and falsely testified that she fell at the place set out in her petition, when it is alleged she fell at another place in the middle of the graveled street and not at the place she claimed and testified to in the original action.

With reference to applications brought under section 20-2001, *supra,* the rules were announced in *Secord v. Powers,* 61 Neb. 615, 85 N. W. 846:

"A judgment clearly shown to have been obtained by fraud or false testimony, which it would be against conscience to enforce, will, on application of the unsuccessful party and a showing of due diligence, be vacated and set aside. * * *

"In an action to vacate a judgment on the ground that it was obtained by fraud, the plaintiff must allege and prove that he exercised due diligence at the former trial, and that his failure to secure a just decision was not attributable to his own fault or negligence."

In the instant application, four witnesses testified to a difference in place for the situs of the injuries. Three of these, father, son and hired man, were farmers living with-

in about 15 miles of the village of Dickens. Each of them visited the village fairly often before the original trial, and after two of them were still in the vicinity. One witness, a resident of Dickens for 25 years, was operating a grocery store in the village at the time.

The village was informed by the pleadings of the issues for trial. There could be no justification upon the part of the village in assuming that Margaret Pinches would not produce evidence in support of her contentions, whatever it may be. Section 20-2001, *supra,* is not an excuse to the village for failing to exercise proper diligence in preparing for trial. When the village had such an opportunity to prepare for trial and failed to avail itself of it, then it cannot in effect obtain a retrial of the issue by charging that the judgment against it was obtained by false testimony. Public policy demands that there shall be an end of litigation. The population of the village of Dickens was about 100, and each and all of the four witnesses were available for the original trial. It seems that ordinary diligence would have located these witnesses, and the failure so to do is attributable to the fault of the village of Dickens. The trial court found "that the newly discovered evidence which tends to show that the plaintiff Margaret Pinches fell in a different place in the streets of Dickens than that indicated by her in her former petition and proved at the former trial could have been obtained by a reasonable exercise of diligence in order to be available at the former trial and that the failure to so obtain such evidence and to produce it at the former trial is due entirely to the lack of diligence of the defendant village of Dickens and its officers and counsel and that the petition to vacate the judgment should be dismissed by reason of such lack of diligence." After a careful perusal of the record we are entirely satisfied that the conclusion of the trial court is correct.

When the evidence offered to prove that the plaintiff testified falsely in the original action as to the situs of the fall is considered, it is far from being convincing. Three of the witnesses did not know Margaret Pinches, were in-

definite as to date, and their testimony easily supports the inference that they saw another woman, at a different time, fall in the street, wearing a dark coat. The one witness, who knew Margaret Pinches, stood on his store porch, and testified to seeing her fall about a half block away, is likewise rather indefinite as to collateral facts.

In order to justify equitable relief against a judgment, the fraud or false testimony should be clearly shown. *Secord v. Powers, supra.* Generally a court of equity will set aside a judgment at law on the ground of fraud where such fraud is extrinsic or collateral to the matter tried in the original action, and not where the fraud was in the matter on which the judgment was rendered. *United States v. Throckmorton,* 98 U. S. 61.

This rule is based upon the underlying principles that there must be an end to litigation, and that an issue once tried and passed on should not be retried, since otherwise litigation would be interminable. However, in the case of extrinsic fraud, relief is granted on the theory that such fraud has prevented the unsuccessful party from fully presenting his case and thus that there has never been a real contest before the court on the subject-matter of the issues in the case.

AFFIRMED.