IN RE ADOPTION OF DORIS ANN HIATT, MINOR. SALLY L. HIATT, APPELLANT, V. MANUEL S. MENENDEZ ET AL., APPELLEES.

62 N. W. 2d 123

Filed January 15, 1954. No. 33402.

*Edith Beckman* and *Ralph R. Bremers,* for appellant.

*Gross, Welch, Vinardi & Kauffman* and *John F. MacKenzie,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

On August 18, 1949, Manuel S. Menendez and Sylbia Mae Menendez filed in the county court of Douglas

County, Nebraska, a petition for the adoption of Doris Ann Hiatt. Doris Ann Hiatt was then of the age of 3 years and the daughter of Herschel Hiatt and Sally L. Hiatt. Herschel Hiatt was deceased at the time of the filing of the petition.

At the same time that the petition was filed a consent to adoption by Sally L. Hiatt was filed. In due course, on September 17, 1949, a decree of adoption was duly rendered awarding adoption to Manuel S. Menendez and Sylbia Mae Menendez of Doris Ann Hiatt.

On May 20, 1950, Sally L. Hiatt filed a petition in the county court in which she asked the court to set aside the decree of adoption and to restore to her the care and custody of Doris Ann. The substantial ground alleged for revocation of the decree was that the decree was obtained by fraud as follows: That she did not knowingly or intentionally sign a consent to adoption, but on the contrary thought when she signed the purported consent she was signing a consent to guardianship; that Doris Ann had lived with her up to the time of the filing of the petition for adoption and had not lived with Manuel S. Menendez and Sylbia Mae Menendez for 6 months next preceding the rendition of the decree of adoption; and that at the time of the decree Manuel S. Menendez and Sylbia Mae Menendez were not a married couple.

The statute requires as one of the conditions necessary to the rendition of a decree of adoption that it shall appear that the child has resided with the adoptive parents for at least 6 months preceding the rendition of the decree. § 43-109, R. R. S. 1943.

Issue was joined and a trial had, at the conclusion of which the county court found against Sally L. Hiatt and entered judgment dismissing her petition. An appeal was taken to the district court where a trial was had. The adjudication in the district court sustained the judgment of the county court. Motion for new trial was filed and in due course overruled. From the order over-

ruling the motion for new trial and the judgment Sally L. Hiatt has appealed.

For the further purposes of this opinion Sally L. Hiatt will be referred to as appellant and Manuel S. Menendez and Sylbia Mae Menendez will be referred to as appellees except where the use of a name is required for identification.

In an action to set aside a judgment on the ground that it was obtained by fraud, the burden is on the party charging it to clearly establish the fraud. Kielian v. Kent & Burke Co., 131 Neb. 308, 268 N. W. 79; Pinches v. Village of Dickens, 131 Neb. 573, 268 N. W. 645; County of Lincoln v. Provident Loan & Investment Co., 147 Neb. 169, 22 N. W. 2d 609.

The question of whether or not fraud was practiced upon appellant in obtaining her signature to the consent to adoption must be resolved against her. Three witnesses including an attorney then representing her all gave testimony as to the incidents attendant upon the signing and as to the signing, all of which indicated that she knew what she was signing. The attorney signed it as witness and in his capacity as a notary public took her acknowledgment.

As against this she admitted that the signature was hers but that she was asked by the attorney to and did sign her name upon a blank piece of paper. This of course could not have been true since the consent was on a printed form supplied by the county court. There was other evidence of circumstances calculated to corroborate the contention of appellees and to discredit that of the appellant which we do not deem necessary to be set out here. The appellant failed to sustain the burden of proof in this respect.

The charge that the appellees were not a married couple at the time of rendition of the decree of adoption is wholly without support in the evidence. Without contradiction the record discloses that they were married in 1947.

On the question of whether or not fraud had been practiced upon the court by representations that Doris Ann had lived with appellees for 6 months next preceding the rendition of the decree the record preponderantly shows that the appellees started caring for Doris Ann intermittently in 1947. They started caring for her on a full-time basis probably in June 1948. Then they had her regularly thereafter through 1948 except for 3 weeks and all of 1949 up to the date in 1949 when the decree of adoption was rendered.

The evidence was in dispute but as stated we think it preponderated in favor of appellees in this respect.

The district court correctly held that the appellant failed to sustain her charge that the decree of adoption had been procured by fraud.

The appellant presents a question by assignment of error here which was not presented by pleading either in the county court or the district court. The effect of the assignment is to say that the county court was without jurisdiction to decree adoption for the reason that the petition was on its face insufficient to confer jurisdiction and that therefore the decree is void.

Section 43-101, R. R. S. 1943, provides that no person having a husband or wife may adopt a child unless the husband or wife joins in a petition for adoption.

Section 43-102, R. R. S. 1943, provides that any person or persons desiring to adopt a child shall file a petition for adoption signed and sworn to by the persons desiring to adopt.

The petition in this case was made on behalf of both appellees but it was not signed by either of them personally. It was signed for them by their attorney. It was sworn to alone by Manuel S. Menendez.

The decree recites that both the appellees were in court and that the allegations of the petition were true. One of the allegations of the petition is that: "Petitioners further state that * * * they now desire to adopt the said child, * * *."

There can be no question but that there is an irregularity and a failure of compliance with the statutory requisites of a proper petition for adoption. However the irregularity may not be regarded as one which defeats the jurisdiction of the court. It is well settled that the want of a verification to a petition is not jurisdictional. Johnson v. Jones, 2 Neb. 126; Dorrington v. Meyer, 8 Neb. 211; Northup v. Bathrick, 80 Neb. 36, 113 N. W. 808.

The rule of law applicable in the case of failure to verify a petition is applicable to failure to sign a petition where it appears that there has been full acceptance of the petition with knowledge of its contents by the named petitioner. In re Estate of Graff, 86 Neb. 535, 125 N. W. 1091.

Here the decree of adoption recites that both appellees were present at the adoption hearing as petitioners. This clearly supports a presumption that these parties with full knowledge accepted the petition as their own.

We conclude that the irregularity complained of and found to exist did not have the effect of rendering the decree void because of want of jurisdiction of the court to enter it.

The provisions of the statute do contemplate that decrees of adoption may be attacked for irregularity in the proceedings. The provision providing for the attack is stated negatively but nevertheless it purports to grant the right. The provision is, as applied to the facts of this case, that: "When any county court in the State of Nebraska shall * * * hereafter enter of record such a decree of adoption, it shall * * * be conclusively presumed that said adoption and all instruments and proceedings in connection therewith are valid in all respects notwithstanding some defect or defects may appear on the face of the record, * * * unless an action is brought within two years from the entry of such decree of adoption attacking its validity." § 43-116, R. R. S. 1943.

The decree of adoption here was entered September 17, 1949. The attention of the district court was never

called to the irregularity formally by pleading or otherwise. Attention was formally called to it first by assignment of error in the brief filed in this court. The brief was filed August 13, 1953, which was more than 3 years after the rendition of the decree of adoption.

Certainly the appellant was barred by the statute from taking advantage of the irregularity which appeared on the face of the record in the adoption proceeding.

The decree of the district court is affirmed.

AFFIRMED.