RONALD E. CADDY, APPELLEE, V. DOROTHY J. CADDY, APPELLANT.

358 N.W.2d 184

Filed November 2, 1984. No. 83-659.

Nye, Hervert, Jorgensen & Watson, P.C., for appellant.

Gene C. Foote II and Dale A. Norris of Whelan, Foote & Scherr, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and COLWELL, D.J., Retired.

HASTINGS, J.

The respondent, Dorothy J. Caddy, has appealed from an order of the district court which denied and dismissed her

amended motion to vacate and modify a decree previously entered in a marriage dissolution proceeding. We review the case de novo on the record.

A decree dissolving the 30-year marriage of the parties was entered by the court on August 10, 1979. On March 21, 1983, the petitioner filed an application for modification of that decree. The respondent filed an amended motion to modify the decree. She asked that the court either vacate the decree and enter a "new decree" increasing the amount of the property award because of fraud practiced by the petitioner or, in the alternative, for an increase in alimony due to a change in circumstances. The court denied the relief requested by each party. The petitioner has not cross-appealed.

The basis for the requested vacation of the decree was that at the time of the dissolution proceedings petitioner submitted a false financial statement which left out certain items of property, a part of the marriage accumulation. Chief among these items was the value of petitioner's employee trust fund and pension annuity fund with K-N Energy, Inc. This was set forth in exhibit 2, an affidavit which provided in part as follows:

| 7/31/79 | Employee Trust Fund | $10,325.59 |
|---------|--------------------|-----------|
| 7/31/79 | Employee Pension Annuity Fund | |
| | Monthly Annuity | 190.55 |
| | Personal Contribution | 2,647.69 |

(The above named employee would not have been eligible to receive the pension annuity fund as of 7/31/79, as he did not have 10 years vested service with the Company, but only would have been allowed to receive his own personal contributions).

There is no testimony in the record which further explains these figures. It is respondent's contention that as of the date of the decree, petitioner was entitled to both the sum of $10,325.59 and the $2,647.69. Therefore, she reasons, the petitioner omitted from his financial statement a total of almost $13,000 from the marital assets.

We do not interpret exhibit 2 in the same way. We are of the opinion that the $10,325.59 is an employer-contributed fund which includes the amount contributed by the employee, or, when added to the latter fund, provided for a monthly annuity

of $190.55. At least the figures are ambiguous, and in the absence of evidentiary explanation by the respondent, who must carry the burden of proof, the conclusion urged by her is pure speculation.

The amount of money in the trust and retirement funds was not readily available to the petitioner. He testified that the only way he could reach any of that money would be to quit his employment, to retire, to be fired, or to die. We do not believe that the omission of this information from the financial statement rose to the level of fraud.

In any event, the respondent had available to her the same avenues to discover the facts at the time of trial as she employed at this subsequent hearing. She appeared at the dissolution hearing without counsel. Both the trial judge and an associate of petitioner's trial counsel had urged respondent to obtain counsel. She declined to do so. The respondent testified that at the time of the dissolution hearing she was aware of the existence of the trust and pension fund or funds, as well as the other funds totaling $560.81, although she did not then know the exact amounts.

In order to set aside a judgment after term on the ground of fraud practiced by the successful party, as provided for in Neb. Rev. Stat. § 25-2001 (Reissue 1979), the petitioning party must prove that due diligence was exercised by him or her at the former trial and that the failure to secure a just decision was not attributable to his or her fault or negligence. *Grosse v. Grosse,* 166 Neb. 55, 87 N.W.2d 900 (1958); *Pinches v. Village of Dickens,* 131 Neb. 573, 268 N.W. 645 (1936).

The respondent chose to proceed without adequate representation and with at least a general knowledge of the underlying facts, and made no effort to bring before the court the correct information. The trial court was correct in denying the petition to vacate.

Furthermore, there was insufficient evidence of a change in circumstances to support a modification of the award of alimony.

The judgment of the district court was correct and is affirmed.

AFFIRMED.