JILL S. MCCARSON, NOW KNOWN AS JILL S. AMORUSO, APPELLANT, V. KEVIN S. MCCARSON, APPELLEE.

641 N.W.2d 62

Filed March 29, 2002. No. S-00-1145.

Margaret M. Zarbano for appellant.

Richard K. Lydick for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

Kevin S. McCarson filed a petition for modification of the decree dissolving his marriage to Jill S. McCarson, now known as Jill S. Amoruso, claiming that the minor child born during the McCarsons' marriage is not Kevin's child as represented in the decree. The district court granted Kevin's motion for summary judgment and terminated Kevin's child support obligation. Jill now appeals, claiming that Kevin's petition is barred by res judicata pursuant to our decision in *DeVaux v. DeVaux*, 245 Neb. 611, 514 N.W.2d 640 (1994), in which this court concluded that the finding of paternity in a dissolution decree precludes the parties from relitigating paternity.

## BACKGROUND

Jill and Kevin were married on March 26, 1988. One child was born during the marriage on April 16, 1995. On June 1, 1995, Kevin filed a petition for dissolution of marriage, in which Kevin alleged that the child was not his and he should not have to pay child support. The district court eventually dismissed Kevin's petition on May 2, 1996, for lack of prosecution.

Jill filed a petition for dissolution of marriage on April 10, 1998. Kevin entered a voluntary appearance on the same day.

On June 11, the district court entered a decree of dissolution; at that time, Kevin was an active member of the U.S. Air Force stationed at Kadena Air Force Base in Japan. The decree stated that "one child has been born of said marital union" and granted permanent joint legal custody of the minor child to Jill and Kevin, with Jill as the primary custodial parent. The court ordered Kevin to pay $323 per month as child support. Both parties signed the consent decree; Kevin was not represented by counsel at the time.

Kevin filed a "Petition to Modify Decree" on May 6, 1999, alleging that, prior to the entry of the decree, Jill had represented to Kevin that the minor child was the product of their marital union, but later acknowledged to Kevin that he was not the father of the minor child. Thus, Kevin requested that the decree be modified to terminate his child support payments.

Jill filed a motion for leave to file pleadings out of time on July 16, 1999, and a demurrer on the basis of res judicata on July 26. After a hearing on the demurrer, the district court ordered that the clerk of the district court sequester and hold child support payments made by Kevin on the minor child's behalf. Jill appeared at the hearing with her attorney. Although attorneys for both parties agreed that Kevin was not the minor child's father, Jill argued that Kevin's child support obligation continued because the district court determined Kevin to be the minor child's father in the decree of dissolution. The district court overruled Jill's demurrer. Jill subsequently filed a responsive pleading and preserved the issue raised in her demurrer.

Kevin filed a motion for summary judgment on October 19, 1999. On November 16, Jill filed a cross-application for modification of decree, alleging a change in circumstances and asking that the district court (1) grant her sole custody of the minor child subject to reasonable visitation by Kevin, (2) increase Kevin's child support obligation, (3) change the minor child's last name, and (4) require Kevin to contribute to Jill's attorney fees and costs.

After a hearing on November 30, 1999, the district court determined that because both parties agreed that Kevin was not the minor child's father, no material issue of fact existed to preclude summary judgment. In response to a request for admission, Jill

acknowledged that she knew at the time of the entry of the decree that the child was not Kevin's child. Thus, the district court found that Jill knew Kevin was not the minor child's father prior to the filing of her petition for dissolution and the entry of the order of dissolution. The court concluded that Jill perpetrated a fraud upon the court by representing that Kevin was the minor child's father in her petition for dissolution and that she admitted this fact in her responses to Kevin's requests for admission.

Although Jill urged that the doctrine of res judicata applied to the adjudication of the child's parentage pursuant to *DeVaux v. DeVaux*, 245 Neb. 611, 514 N.W.2d 640 (1994), the district court, citing *Carlson v. Zellaha*, 240 Neb. 432, 435, 482 N.W.2d 281, 283 (1992), concluded that "[a] consent judgment is subject to collateral attack when the facts demonstrate that the judgment or settlement was entered into fraudulently, collusively, or in bad faith." Because the district court found that Jill had admitted that she knew at the time of the decree that the child was not Kevin's, the district court did not apply the doctrine of res judicata to the issue of the minor child's paternity. Thus, the district court sustained Kevin's motion for summary judgment, declared that Kevin was not the child's father, and terminated Kevin's child support obligation. Additionally, the district court dismissed Jill's cross-application for modification of decree.

Jill now appeals from the judgment of the district court. Pursuant to our authority to regulate the caseloads of this court and the Nebraska Court of Appeals, we moved this appeal to our docket.

## ASSIGNMENTS OF ERROR

Jill assigns that the district court erred in (1) finding that it had jurisdiction over the proceedings, as Kevin did not properly serve Jill with his petition for modification; (2) overruling Jill's demurrer; (3) sustaining Kevin's motion for summary judgment; and (4) dismissing Jill's cross-application for modification of decree.

## STANDARD OF REVIEW

The applicability of the doctrines of collateral estoppel and res judicata is a question of law. *Woodward v. Andersen*, 261 Neb. 980, 627 N.W.2d 742 (2001).

 Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Ohio Cas. Ins. Co. v. Carman Cartage Co.*, 262 Neb. 930, 636 N.W.2d 862 (2001). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

## ANALYSIS

### PERSONAL JURISDICTION

 Jill first assigns that the district court lacked personal jurisdiction over her because Kevin did not meet the statutory requirements for service of process. Jill did not raise the issue of improper service before the district court, and we will not consider it for the first time on appeal. An issue not presented to the trial court may not be raised on appeal. *V.C. v. Casady*, 262 Neb. 714, 634 N.W.2d 798 (2001). Additionally, Jill has already voluntarily appeared before the court and invoked its power on an issue other than jurisdiction. For purposes of personal jurisdiction, the voluntary appearance of a party is equivalent to service of process. *Hunt v. Trackwell*, 262 Neb. 688, 635 N.W.2d 106 (2001). Jill filed a motion to file pleadings out of time, a demurrer, and appeared personally at the hearing on the demurrer. Therefore, Jill's first assignment of error is without merit; her voluntary actions to invoke the power of the court on issues other than the court's jurisdiction waived her right to contest personal jurisdiction.

### DEMURRER

 Second, Jill assigns that the district court erred in overruling her demurrer to Kevin's petition for modification. In an appellate court's review of a ruling on a demurrer, the court is required to accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the conclusions of the pleader.

*Northwall v. State, ante* p. 1, 637 N.W.2d 890 (2002). In determining whether a cause of action has been stated, a petition is to be construed liberally; if, as so construed, the petition states a cause of action, the demurrer is to be overruled. *Malone v. American Bus. Info.*, 262 Neb. 733, 634 N.W.2d 788 (2001).

Jill alleges that res judicata bars revisiting the issue of paternity, as the decree of dissolution already determined Kevin to be the minor child's father; therefore, the district court erred by not sustaining her demurrer. This court addressed a similar set of facts in *DeVaux v. DeVaux*, 245 Neb. 611, 514 N.W.2d 640 (1994). In *DeVaux*, the mother of a minor child sought modification of a dissolution decree based on conclusive blood tests establishing that her ex-husband was not the child's father. The ex-husband opposed the modification. This court concluded that under the doctrine of res judicata, a finding of paternity in a dissolution decree prevents the parties to the decree from relitigating paternity. In our most recent phrasing, we stated that under the traditional rule of res judicata, any rights, facts, or matter in issue directly adjudicated or necessarily involved in the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated by the parties and privies. *Gruber v. Gruber*, 261 Neb. 914, 626 N.W.2d 582 (2001).

In analyzing Jill's res judicata claim, we first recognize that resolution of the divorce litigation necessarily involved the question of the minor child's paternity, as the decree required Kevin to pay child support. " 'A fundamental fact necessary to sustain an order of child support is paternity by the man judicially obligated to pay such support.' " *Cross v. Perreten*, 257 Neb. 776, 781, 600 N.W.2d 780, 784 (1999). See, also, *DeVaux, supra*. Second, the district court was competent to render the dissolution decree. See, Neb. Rev. Stat. § 42-351 (Reissue 1998); *DeVaux, supra*. Third, the paternity findings in a dissolution decree constitute a final judgment, so the dissolution order in this case qualifies as a final judgment. *DeVaux, supra*. Finally, the district court, in entering the dissolution decree, reached the merits of the parties' cause (namely, their dissolution) rather than disposing of the matter on procedural or jurisdictional grounds.

Thus, absent a "fraud upon the court," res judicata should apply to the litigation of paternity under *DeVaux, supra.*

Unlike *DeVaux,* however, we face here an allegation that at least one of the parties knew, at the time of the decree, that the decree did not reflect the true paternity of the minor child. Kevin argues that he has a remedy pursuant to Neb. Rev. Stat. § 25-2001(4) (Cum. Supp. 1998), which allows the district court to modify the dissolution decree after term on the basis of fraud by the successful party. Section 25-2001 states that "[a] district court shall have power to vacate or modify its own judgments or orders after the term at which such judgments or orders were made . . . (4) for fraud practiced by the successful party in obtaining the judgment or order." Under Neb. Rev. Stat. § 25-2008 (Reissue 1995), proceedings to vacate or modify a judgment or order for the causes mentioned in § 25-2001(4) must be commenced within 2 years after the judgment was rendered or made; Kevin filed his petition for modification on May 6, 1999, less than 2 years after the decree for dissolution was entered on June 11, 1998.

In reviewing the district court's ruling on Jill's demurrer, we are required to accept as true all the facts which are well pled in Kevin's petition and the proper and reasonable inferences of law and fact which may be drawn therefrom. See *Northwall v. State, ante* p. 1, 637 N.W.2d 890 (2002). In determining whether a cause of action has been stated, we must construe Kevin's petition liberally; if, as so construed, the petition states a cause of action, the demurrer is to be overruled. See *Malone v. American Bus. Info.,* 262 Neb. 733, 634 N.W.2d 788 (2001). Kevin pled that the dissolution decree should be modified because the minor child was not his, and, in reviewing the demurrer, we must accept this fact as true. Further, a liberal construction of Kevin's petition provides him with a potential remedy based on his allegation of Jill's fraud in obtaining the judgment. Therefore, the district court did not err in overruling Jill's demurrer.

## SUMMARY JUDGMENT

Next, Jill assigns that the district court erred in sustaining Kevin's motion for summary judgment, as genuine issues of material fact remained regarding representations made by Kevin

and Jill about knowledge of the child's paternity. Under Neb. Rev. Stat. § 25-1332 (Reissue 1995), "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

■ Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Ohio Cas. Ins. Co. v. Carman Cartage Co.*, 262 Neb. 930, 636 N.W.2d 862 (2001). If a genuine issue of fact exists, summary judgment may not properly be entered. *Daniels v. Allstate Indemnity Co.*, 261 Neb. 671, 624 N.W.2d 636 (2001).

Although Kevin's petition for modification states that he did not know at the time of the decree that he was not the minor child's father, Jill argues that she offered evidence at the summary judgment hearing to demonstrate that Kevin knew, prior to dissolution, that he was not the minor child's father. Thus, Jill claims that Kevin is not entitled to summary judgment because genuine issues of material fact remain regarding Kevin's knowledge of the minor child's paternity prior to entry of the decree. Kevin argues that the only issue before the district court was whether Jill represented to Kevin that he was the minor child's father prior to dissolution, but that issue disappeared when Jill admitted that she knew at the time of dissolution that Kevin did not father her minor child. Kevin bases his "fraud upon the court" allegation on Jill's concealment from the district court of the minor child's true paternity.

■ As discussed above, § 25-2001(4) provides Kevin with a potential legal remedy: the court can vacate or modify an order or judgment after term for fraud by the successful party, in this case, Jill's alleged fraud upon the court. However, in order to set aside a judgment after term on the ground of fraud practiced by the successful party, as provided for in § 25-2001(4), the petitioning party must prove that due diligence was exercised by him or her at the former trial and that the failure to secure a just decision was not attributable to his or her fault or negligence.

*Caddy v. Caddy*, 218 Neb. 582, 358 N.W.2d 184 (1984). In *Caddy*, 218 Neb. at 584, 358 N.W.2d at 186, this court concluded that because "[t]he respondent chose to proceed without adequate representation and with at least a general knowledge of the underlying facts, and made no effort to bring before the court the correct information," the district court properly denied the respondent's petition to vacate under § 25-2001(4). Therefore, in order for Kevin to obtain a modification of the 1998 decree under § 25-2001(4), it must be clear that the alleged failure to secure a just decision was attributable only to Jill's misrepresentation, and not to any fault or negligence by Kevin.

Jill offered an affidavit in which she stated that while the parties were both serving in the U.S. Air Force, Kevin initiated a punishment proceeding against Jill for adulterous conduct. Jill's affidavit asserts that Kevin told her numerous times during the pendency of their dissolution that he knew the minor child was not, and could not be, his child. Jill states in her affidavit that when she questioned Kevin's desire to pay child support even though the minor child was not Kevin's child, Kevin responded that he thought of the child as his own and that the child was probably the only child he would ever have. Further, Jill's affidavit avers that Kevin did not contest paternity during dissolution proceedings. During the summary judgment hearing, the district court received into evidence Kevin's previously dismissed petition for dissolution, filed on June 1, 1995, shortly after the child's birth on April 16, 1995, in which Kevin alleges that he is not the father of the minor child.

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Ohio Cas. Ins. Co. v. Carman Cartage Co.*, 262 Neb. 930, 636 N.W.2d 862 (2001). Viewed in a light most favorable to Jill, the evidence at least presents an issue of material fact as to whether Kevin knew that he was not the minor child's father prior to the entry of the dissolution decree, which Kevin signed and in which he was not represented by counsel.

In fact, the evidence offered by Jill reveals that Kevin at least suspected the minor child's true paternity prior to the

dissolution, and Kevin did not present evidence to contest this fact. The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Daniels v. Allstate Indemnity Co.*, 261 Neb. 671, 624 N.W.2d 636 (2001). Kevin failed to demonstrate that he did not know that he was not the minor child's father at the time the decree was entered. Kevin offered no evidence to refute Jill's allegation that Kevin knew, or should have known, that he was not the minor child's father prior to the entry of the decree. Based upon Kevin's allegations in his earlier dismissed petition for dissolution, a court could conclude that Kevin did not exercise the diligence required by § 25-2001(4) and *Caddy v. Caddy*, 218 Neb. 582, 358 N.W.2d 184 (1984), to set aside a judgment after term on the ground of fraud practiced by the successful party. Thus, the district court erred in entering summary judgment in favor of Kevin. Jill did not file a cross-motion for summary judgment; therefore, it is necessary to remand this matter to the district court for further proceedings consistent with this opinion.

### CROSS-PETITION FOR MODIFICATION

Jill's fourth assignment of error alleges that the district court erred in dismissing her cross-petition for modification, which requested, inter alia, sole custody of the minor child, an increase in child support, a change of the minor child's last name, and attorney fees. The district court did err in dismissing Jill's cross-petition for modification at this stage of the proceedings based on the reasons stated above. However, because the district court did not consider any evidence concerning the merits of Jill's cross-petition, she could not present any argument regarding the merits of her modification action, and as a practical matter, we cannot consider this assignment of error at the present time. Upon remand, the district court shall consider the merits of Jill's cross-petition and render judgment accordingly.

### CONCLUSION

The district court erred in sustaining Kevin's motion for summary judgment, as Kevin was not entitled to judgment as a matter of law. Therefore, we reverse the judgment of the district court

and remand the cause to the district court with directions to conduct further proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.