IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

LOSEKE V. LOSEKE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

KAREN SUE LOSEKE, APPELLANT AND CROSS-APPELLEE,
V.
SCOTT LEROY LOSEKE, APPELLEE AND CROSS-APPELLANT,
AND LOSEKE DRAGLINE SPECIALISTS, LLC, APPELLEE.

Filed May 7, 2013.    No. A-12-655.

Appeal from the District Court for Platte County: ROBERT R. STEINKE, Judge. Affirmed.

John A. Kinney and Jill M. Mason, of Kinney Law, P.C., L.L.O., for appellant.

Ronald E. Reagan and Aimee Sanderson Melton, of Reagan, Melton & Delaney, L.L.P., for appellee Scott Leroy Loseke.

SIEVERS, PIRTLE, and RIEDMANN, Judges.

PIRTLE, Judge.

## INTRODUCTION

Karen Sue Loseke appeals from the memorandum opinion and order entered by the district court for Platte County on June 29, 2012. The district court overruled Karen's motion to continue the hearing and granted summary judgment in favor of Scott Leroy Loseke. Scott cross-appeals, asserting that the district court had additional grounds upon which to grant summary judgment. For the reasons that follow, we affirm the decision reached by the lower court.

## BACKGROUND

Karen and Scott were divorced pursuant to a decree of dissolution entered in the district court for Platte County on August 19, 2009. As part of the dissolution decree, Karen and Scott entered into a property settlement agreement in which Scott was awarded, inter alia, his interest in Advanced Nutrients, LLC, which was valued at $358.

- 1 -

On August 17, 2011, Karen filed a verified application to vacate or modify the decree, alleging that after Karen filed her complaint for dissolution of marriage on June 25, 2008, and prior to the entry of the decree, Scott fraudulently and knowingly disposed of and concealed from Karen and the court the actual extent and value of the marital estate. She alleged that Advanced Nutrients, through Scott, transferred its customer list, leased equipment, and other assets to Loseke Dragline Specialists, LLC (Loseke Dragline), a newly formed limited liability company operated by Karen and Scott's 19-year-old son, Weston Loseke. Karen alleges that this was an attempt to defraud her by understating the value of the marital estate and that this resulted in gross inequality in the property division. She further alleged that these transfers were not disclosed during discovery, that she was not aware the transfers were made, and that she did not have a reasonable way of discovering them.

Also on August 17, 2011, Karen filed a motion requesting the court add Loseke Dragline as a necessary party. After a hearing on October 7, Karen was granted leave to add Loseke Dragline as a defendant to the pending action. Karen filed an amended application to vacate or modify the decree on November 14. On January 19, 2012, Scott and Loseke Dragline, the defendants, filed a motion for summary judgment, alleging that there was no genuine issue as to any material fact and that they were entitled to judgment as a matter of law. A hearing date was set for March 16.

Karen filed two additional motions to add necessary parties: requesting to add Advanced Nutrients on February 16, 2012, and Weston on February 22. On March 8, Karen filed a "Motion to Refuse Summary Judgment or in the Alternative Continue Hearing & Notice of Hearing." She requested additional time to "permit affidavits to be obtained, depositions to be taken or other discovery to be had upon Defendants."

At the hearing on March 16, 2012, the court determined that Karen's motion to refuse summary judgment or, in the alternative, to continue the hearing, should be overruled. The hearing proceeded with respect to the defendants' motion for summary judgment. Evidence was offered and received, and after the arguments of counsel, the motion for summary judgment was taken under advisement. The memorandum opinion and order of the court granted summary judgment in favor of the defendants on June 29.

## ASSIGNMENTS OF ERROR

Karen's assignments of error, consolidated and restated, are that the district court erred in overruling her motion to continue the hearing on the defendants' motion for summary judgment and sustaining the defendants' motion for summary judgment.

Scott assigns on cross-appeal that the trial court erred in failing to dismiss Karen's application to vacate or modify, because she accepted benefits provided for in the dissolution decree while challenging the decree's validity.

## STANDARD OF REVIEW

Generally, a motion for a continuance is addressed to the discretion of the trial court whose ruling will not be disturbed on appeal in the absence of an abuse of discretion. *Gilroy v. Ryberg*, 266 Neb. 617, 667 N.W.2d 544 (2003). A judicial abuse of discretion exists when a judge, acting within effective limits of authorized judicial power, elects to act or refrain from

action, but the selected option results in a decision which is untenable and unfairly deprives the litigant of a substantial right or a just result. *Mandolfo v. Mandolfo*, 281 Neb. 443, 796 N.W.2d 603 (2011).

Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there are no genuine issues as to any material fact, or as to the ultimate inferences that may be drawn from those facts, and that the moving party is entitled to judgment as a matter of law. *New Tek Mfg. v. Beehner*, 270 Neb. 264, 702 N.W.2d 336 (2005).

In reviewing a summary judgment, a court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Farmington Woods Homeowner's Assn. v. Wolf*, 284 Neb. 280, 817 N.W.2d 758 (2012).

## ANALYSIS

*Motion for Continuance.*

Karen's motion requested a 90-day continuance, stating that she had not completed discovery to support her application to vacate or modify the decree of dissolution and that she believed there were assets not disclosed in the divorce proceedings. Karen's motion was overruled, and the court heard the defendants' motion for summary judgment. Karen argues that she should have been granted a continuance because it was her first request and that the denial deprived her of a substantial right and a fair trial. Scott asserts that Karen had approximately 2 months to prepare for the hearing on the motion for summary judgment and that Karen did not show sufficient reason why the hearing should be continued in regard to the summary judgment issue.

A motion for continuance is addressed to the discretion of the trial judge, and it will not be disturbed on appeal in the absence of an abuse of discretion. *Gilroy v. Ryberg, supra.*

Karen first sought a modification of the decree on August 17, 2011, and the defendants' motion for summary judgment was filed on January 19, 2012. She had almost 2 months to conduct discovery after the defendants' motion and prior to the hearing on March 16, and almost 7 months had passed since her initial application to vacate or modify the decree. The trial court overruled Karen's request for continuance, and we find no abuse of discretion.

*Motion for Summary Judgment.*

Summary judgment proceedings do not resolve factual issues, but instead determine whether there is a material issue of fact in dispute. *Farmington Woods Homeowner's Assn. v. Wolf, supra*.

Karen asserts there were issues of material fact in that Scott intentionally misled her regarding the value of marital property during the divorce proceedings. Karen further asserts the trial court erred in "failing to recognize evidence of fraud" by Scott in connection with the property settlement.

In order to set aside a judgment after term on the ground of fraud practiced by the successful party, as provided for in Neb. Rev. Stat. § 25-2001(4) (Reissue 2008), the petitioning party must prove that due diligence was exercised by him or her at the former trial and that the failure to secure a just decision was not attributable to his or her fault or negligence. *Eihusen v.*

*Eihusen*, 272 Neb. 462, 723 N.W.2d 60 (2006); *McCarson v. McCarson*, 263 Neb. 534, 641 N.W.2d 62 (2002).

In this case, the defendants' motion for summary judgment was predicated on their contention that the settlement and the resulting decree in the dissolution action, if determined to be one-sided or unfair, was attributable to the fault or negligence of Karen and/or her attorney.

The trial court stated that for Karen to prevail, it must be clear that the alleged failure to secure a just decision was attributable only to Scott's misrepresentations, and not to any fault or negligence by Karen. Upon a review of the evidence, the trial court determined there was evidence that both Karen and Scott were aware of, and active in, the operation of Advanced Nutrients. Up until the date of the separation, Karen did the bookkeeping for the business and had knowledge of the company and the nature of the business. The record does not show assets attributable to Advanced Nutrients other than accounts receivable and its customer list. The court found it is reasonable to assume Karen had knowledge of the income, expenses, and accounts receivable, as well as the income-producing potential of the business, and Karen and her counsel had the right to seek an independent appraisal of the value of the company. Karen chose to forgo such an appraisal. Ultimately, the court found Karen's choice was attributable to her own fault or negligence and granted summary judgment.

In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence. *Farmington Woods Homeowner's Assn. v. Wolf, supra.*

Karen asserts, on appeal, that Scott intentionally misled her and left Advanced Nutrients out of the list of assets. This argument is not convincing, as Karen knew that the business existed and was active in its operation. Karen's counsel sent notice that Scott would be deposed in a records deposition, but it never took place and a settlement was reached. Karen objects to Scott's omission of references to Advanced Nutrients in his answers to her interrogatories, though she admits she knew the business existed. The scheduled deposition would have been an opportunity to question Scott regarding the business and its associated assets or possible transfers involving Weston, as well as an opportunity to review all company records, checkbooks, bank statements, and other relevant documents.

Karen and Scott settled, and the decree includes an acknowledgment that they both entered into the agreement after ample opportunity to seek the advice of counsel and that they both had full access to the books and records of the other and the nature, extent, and value of the property of the other. Under *Eihusen* and *McCarson*, Karen must prove that she exercised due diligence during the underlying divorce proceeding; the evidence indicates she did not. Failure to secure a just decision can be at least partially attributable to Karen's fault and/or negligence.

*Property Purchases.*

Karen also alleges the court erred in granting summary judgment because there was a genuine issue as to material fact regarding the source of funds used to purchase a vacant lot at Lake Oconee and to purchase approximately 47 acres of farm ground bordering a parcel already owned by Scott and Scott's parents.

The record shows the lake lot was purchased by Loseke Dragline in April 2009 and was titled in the name "Mary Kay Kinney," a woman who Scott was dating at the time. Scott and Weston agreed that should Scott's relationship with the woman end, the lot would be returned to Loseke Dragline. On the other hand, if the relationship continued, rental fees owed to Scott by Loseke Dragline would be retained by Loseke Dragline as payment for the value of the lot. The rental fees incurred by Loseke Dragline are for the use of equipment Scott personally owns. This equipment was excluded from the marital estate.

In 2009, the woman Scott had been dating claimed to be the rightful owner of the lot, after her relationship with him ended. The district court for Douglas County determined there was "clear and satisfactory evidence that having paid the purchase price, a resulting trust arose in favor of [Loseke Dragline]" and ordered the woman to convey title of the lot free and clear to Loseke Dragline.

Both Scott and Weston stated the property was purchased with funds acquired through their work and effort in the operation of Loseke Dragline after the commencement of the dissolution action. Weston's affidavit specifically denies that the formation of the company and the purchase of the lot were done in an effort to hide assets or defraud Karen of her share of the marital estate.

The court concluded there was no evidence to show that marital funds were used to purchase this property or that the purchase was designed to defraud Karen, and we agree.

The evidence shows there were discussions within the family that Weston would join his grandparents and Scott in the agriculture business. Once Weston reached the age of majority, he arranged for the purchase of farm ground property adjoining the land owned by his grandparents and Scott. Weston secured financing by having Scott cosign for the loan.

The record shows that the farm ground purchase was financed by a loan to Weston from a bank and that the balance was funded through a deposit from earnings received, or to be received, from Loseke Dragline. The loan documents note Weston used deferred wages for the downpayment, and he intended to rent the property to Scott for approximately $250 per acre plus taxes. The loan was cosigned by Scott, but it is Weston's obligation to repay the loan.

The court concluded there was no evidence to show that marital funds were used to purchase this property or that the purchase was designed to defraud Karen, and we agree.

Our review of the evidence reveals no genuine issue as to any material fact, and we find the trial court did not err in granting the defendants' motion for summary judgment.

*Cross-Appeal on Grounds*
*for Summary Judgment.*

Scott's cross-appeal asserts the trial court erred in failing to sustain Scott's motion for summary judgment on the additional basis that Karen accepted property settlement payments while attempting to vacate or amend the decree. We decline to address Scott's cross-appeal suggesting additional bases for summary judgment, because we found, above, that the court properly determined there was no genuine issue as to any material fact and that a resolution of this issue is not necessary to our disposition of this case. See *Parent v. City of Bellevue Civil Serv. Comm.*, 17 Neb. App. 458, 763 N.W.2d 739 (2009).

## CONCLUSION

We find the trial court did not abuse its discretion in denying Karen's request for a continuance and did not err in granting summary judgment in favor of the defendants.

AFFIRMED.